

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,764-01

### Ex parte YUSULF SHAHEED BENSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 65676-A, IN THE 149TH DISTRICT COURT[1]
### BRAZORIA COUNTY

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, RICHARDSON, YEARY and NEWELL, JJ., joined. MEYERS, J., filed a dissenting opinion in which JOHNSON and ALCALA, JJ., joined.

The question in this case is whether intoxication assault and felony DWI (driving while intoxicated) are the same offense for double-jeopardy purposes when they arise out of the same transaction. We hold that they are not.

## I. BACKGROUND

Applicant was convicted of both intoxication assault and felony DWI. These convictions arose from the same incident, a traffic accident on October 17, 2010 in which Charles Bundrant suffered serious bodily injury. The felony DWI count was based on the fact that applicant had two

---

[1] The judgment of conviction was rendered by the 23rd District Court, but the habeas proceedings occurred in the 149th District Court.

prior DWI convictions. Applicant filed a habeas application alleging, among other things, that conviction for both intoxication assault and felony DWI violated his double-jeopardy right to be free from multiple punishments. We filed and set the application on the double-jeopardy claim and ordered briefing.[2]

Relying heavily upon *Bigon v. State*,[3] applicant argues that intoxication assault and felony DWI should be viewed as the same offense under a multi-factor analysis even though they may have different elements under the *Blockburger*[4] same-elements test. Applicant points out that the two prior DWI convictions are the only elements of felony DWI that are not contained in the offense of intoxication assault. He contends that the two prior convictions should not be considered elements of felony DWI for double-jeopardy purposes but should, instead, be viewed as enhancing punishment. Applicant contends that his position is supported by the fact that the prior-convictions part of DWI is in a separate section from the conduct part of the offense.

Citing a variety of Texas cases, the State contends that the two prior DWI convictions are treated as elements of the offense of felony DWI for a number of purposes and that this treatment indicates that the two convictions ought to be treated as elements for double-jeopardy purposes.

## II. ANALYSIS

### A. Double-Jeopardy Principles

#### 1. *Multiple-Punishment Protection*

---

[2] *Ex parte Benson*, No. WR-81,764-01 (Tex. Crim. App. September 24, 2014) (not designated for publication).

[3] 252 S.W.3d 360 (Tex. Crim. App. 2008).

[4] *Blockburger v. United States*, 284 U.S. 299 (1932).

The Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."[5] This provision, codifying what is known as the protection against double jeopardy, has been made applicable to the States by the Fourteenth Amendment.[6] The protection against double jeopardy includes the protection against multiple punishments.[7] In the multiple-punishment context, the double-jeopardy clause prevents a court from prescribing greater punishment than the legislature intended.[8]

## 2. *One Statute Versus Two Statutes*

How legislative intent is ascertained depends in part on whether the offenses at issue are codified in a single statute or in two distinct statutory provisions.[9] The codification of offenses in two distinct statutory provisions is, by itself, some indication of a legislative intent to impose multiple punishments.[10] When two distinct statutory provisions are at issue, the offenses must be considered the same under both an "elements" analysis and a "units" analysis for a double-jeopardy

---

[5] U.S. CONST. amend 5, cl. 2.

[6] *Brown v. Ohio*, 432 U.S. 161, 164 (1977); *Ex parte Denton*, 399 S.W.3d 540, 545 (Tex. Crim. App. 2013).

[7] *Brown*, 432 U.S. at 165; *Denton*, 399 S.W.3d at 545.

[8] *Missouri v. Hunter*, 459 U.S. 359, 366 (1983); *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010).

[9] *See Blockburger*, 284 U.S. at 304 (referring, in the same-elements test, to the situation in which the same act or transaction "constitutes the violation of two distinct statutory provisions").

[10] *Vick v. State*, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999) (Parsing a single statute "is unlike a situation involving different statutes, which, by itself, is some indication of legislative intent to authorize multiple prosecutions simply because the offenses are separately defined in different statutes.").

violation to occur.[11] When only one statute is at issue, the "elements" analysis is necessarily resolved in the defendant's favor, and only a "units" analysis remains to be conducted.[12]

### 3. *"Elements" Analysis*

The elements analysis conducted in the two-statute context begins with the *Blockburger* same-elements test.[13] That test asks "whether each provision requires proof of a fact which the other does not."[14] The application of the *Blockburger* same-elements test in Texas is governed by the cognate-pleadings approach, which entails comparing the elements of the greater offense as pleaded

---

[11] *Garfias v. State*, 424 S.W.3d 54, 58 (Tex. Crim. App. 2014) ("[A]n 'elements' analysis is appropriate when the offenses in question come from different statutory sections."); *Rubalcado v. State*, 424 S.W.3d 560, 571 (Tex. Crim. App. 2014) ("Offenses that have the same elements under the *Blockburger* test are nevertheless separate if they involve separate allowable units of prosecution."). *See also Brown*, 432 U.S. at 164-69 (elements analysis), 169-70 & n.8 (units analysis); *Ex parte Hawkins*, 6 S.W.3d 554, 555-56 & n.6, 557 n.8 (Tex. Crim. App. 1999) (discussing *Brown* and *Sanabria v. United States,* 437 U.S. 54 (1978)); *Denton*, 399 S.W.3d at 548-50 (Keller, P.J., concurring) ("[T]he *Blockburger* test sets up a presumption in a multiple-statute elements inquiry . . . . Nevertheless, if offenses under different statutes are the 'same' elementally, then a units analysis could be appropriate if, for example, the pleadings or the evidence indicates that there are different victims.").

[12] *See Garfias*, 424 S.W.3d at 58 ("[A] 'units' analysis is employed when the offenses are alternative means of committing the same statutory offense."); *Loving v. State*, 401 S.W.3d 642, 645 (Tex. Crim. App. 2013) ("Both parties' arguments are predicated on the assumption that the proper analysis includes the application of the *Blockburger* test and the cognate-pleadings approach. However, we employ that analysis only when the charged conduct involves multiple offenses in different statutory provisions that are the result of a single course of conduct . . . . In this case, the proper analysis is to determine whether the Legislature intended for the separate statutory subsections in a single statute to constitute distinct offenses. In other words, we must determine the allowable unit of prosecution."); *Aekins v. State*, 447 S.W.3d 270, 284 (Tex. Crim. App. 2014) (Keller, P.J., concurring) ("If only a single statutory provision is at issue, then the elements analysis ends in the defendant's favor, and we move on to a units analysis.").

[13] *Price v. State*, 434 S.W.3d 601, 609 (Tex. Crim. App. 2014).

[14] *Blockburger*, 284 U.S. at 304.

to the statutory elements of the lesser offense.[15]  If the two offenses, so compared, have the same

elements, then "a judicial presumption arises that the offenses are the same for purposes of double

jeopardy" and that the defendant may not be punished for both, but that presumption can be rebutted

by a clearly expressed legislative intent to impose multiple punishments.[16]  Conversely, if the two

offenses have different elements under the *Blockburger* test, the judicial presumption is that the

offenses are different for double-jeopardy purposes and that cumulative punishment may be

imposed.[17]  This presumption can be rebutted by a showing, through various factors, that the

legislature "clearly intended only one" punishment.[18]

In *Ex parte Ervin*, we set forth a non-exclusive list of factors to consider in determining

whether the legislature intended only one punishment for offenses that contain different elements

under *Blockburger*: (1) whether offenses are in the same statutory section or chapter; (2) whether the

---

[15] *Ex parte Amador*, 326 S.W.3d 202, 206 n.5 (Tex. Crim. App. 2010) ("The court of appeals also erred in considering the charging instruments of both the greater and the lesser offenses in conducting its own lesser-included-offense analysis in the present case . . . . [W]e do not consider the charging instrument of the alleged lesser-included offense in such analyses. Rather, we compare the statutory elements of the greater offense, as they have been alleged in the charging instrument of that offense, with only the statutory elements of the lesser-included offense."); *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g) ("Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense."). *See also Garfias*, 424 S.W.3d at 54.

[16] *Hunter*, 459 U.S. at 366-68;  *Price*, 434 S.W.3d at 609-10.

[17] *Hunter*, 459 U.S. at 367 (discussing *Albernaz v. United States*, 450 U.S. 333 (1981) and citing *American Tobacco Co. v. United States*, 328 U.S. 781 (1946)); *Gonzales*, 304 S.W.3d at 845.

[18] *Price*, 434 S.W.3d at 609-10; *Ex parte Ervin*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999) ("[T]he *Blockburger* test cannot authorize two punishments where the legislature clearly intended only one.").  *See also Albernaz*, 450 U.S. at 340 ("The *Blockburger* test is a 'rule of statutory construction,' and because it serves as a means of discerning congressional purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent.").

offenses are phrased in the alternative; (3) whether the offenses are named similarly; (4) whether the offenses have common punishment ranges; (5) whether the offenses have a common focus or gravamen; (6) whether the common focus tends to indicate a single instance of conduct; (7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger* (a liberalized *Blockburger* standard); and (8) whether there is legislative history containing an articulation of an intent to treat the offenses as the same or different for double-jeopardy purposes.[19] In some later cases we have given more weight to the fifth and sixth factors, which, in combination, require that we examine the focus or gravamen of each offense and compare the resulting allowable units of prosecution.[20] Although determining the allowable unit of prosecution is part of a separate "units" analysis (conducted when only a single statute is involved or after offenses proscribed by two statutes are deemed the same under an "elements" analysis), consideration of the unit of prosecution can play a role even in an "elements" analysis by helping to ascertain the legislative intent.[21]

Whether a court is comparing elements pursuant to *Blockburger* or analyzing factors pursuant to *Ervin*, the offenses compared in an "elements" analysis are derived solely from the pleadings and the relevant statutory provisions.[22] In an "elements" analysis, a court may not consider the evidence

---

[19] *Ervin*, 991 S.W.2d at 814. *See also Shelby v. State*, 448 S.W.3d 431, 436 (Tex. Crim. App. 2014); *Garfias*, 424 S.W.3d at 59; *Bigon*, 252 S.W.3d at 371.

[20] *Shelby*, 448 S.W.3d at 436; *Garfias*, 424 S.W.3d at 59. *See also* discussion of "units" analysis below.

[21] *Shelby*, 448 S.W.3d at 436; *Garfias*, 424 S.W.3d at 59; *Bigon*, 252 S.W.3d at 371-72.

[22] *Hall v. State*, 225 S.W.3d 524, 532-33 (Tex. Crim. App. 2007) (citing *United States v. Dixon*, 509 U.S. 688, 711-12 (1993) and *Hunter*, 459 U.S. at 367-68).

presented at trial.[23]

### 4. *"Units" Analysis*

Even when the offenses in question are proscribed by a single statute or are otherwise the same under an "elements" analysis, the protection against double jeopardy is not violated if the offenses constitute separate allowable units of prosecution.[24] This latter inquiry involves determining such things as whether there were two murder victims, whether a victim who was assaulted on Monday was assaulted again on Tuesday, or whether multiple kinds of sex acts were committed against a victim.[25] A "units" analysis consists of two parts: (1) what the allowable unit of prosecution is,[26] and (2) how many units have been shown.[27] The first part of the analysis is purely a question of statutory construction[28] and generally requires ascertaining the focus or gravamen of the offense.[29] The second part requires an examination of the trial record, which can

---

[23] *Id.*

[24] *See* this opinion, nn. 11 & 12.

[25] *See Denton*, 399 S.W.3d at 549 (Keller, P.J., concurring).

[26] *See e.g. Vick*, 991 S.W.2d at 832-34 (penetration of anus and sexual organ are different units in aggravated sexual assault); *Hawkins*, 6 S.W.3d at 556 (different victims are different units in a robbery); *Ex parte Cavazos*, 203 S.W.3d 333, 335-37 (Tex. Crim. App. 2006) (entry is the unit in a burglary).

[27] *See* authorities cited in previous footnote. *See also Blockburger*, 284 U.S. at 303 (Second drug sale was a separate offense because it "was not the result of the original impulse, but of a fresh one."); *Ex parte Goodbread*, 967 S.W.2d 859, 860-61 (Tex. Crim. App. 1998) (can have multiple prosecutions for different incidents of the same type of sexual assault).

[28] *Jones v. State*, 323 S.W.3d 885, 888 (Tex. Crim. App. 2010).

[29] *Loving*, 401 S.W.3d at 647; *Jones*, 323 S.W.3d at 889.

include the evidence presented at trial.[30]

## B. Different Elements

The offense of intoxication assault, defined in Texas Penal Code § 49.07, occurs if a person "by accident or mistake . . . while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another."[31] The offense of felony DWI, defined in Texas Penal Code §§ 49.04 and 49.09, occurs "if the person is intoxicated while operating a motor vehicle in a public place" and "has previously been convicted . . . two times of any other offense relating to the operation of a motor vehicle while intoxicated."[32]

Because the offenses at issue here are codified in different statutory sections, they must qualify as the same under an "elements" analysis before a double-jeopardy violation is shown.[33] We begin by comparing the elements of the offenses under the *Blockburger* same-elements test: Do each

---

[30] *See Blockburger*, 284 U.S. at 303; *Hawkins*, 6 S.W.3d at 557 n.8 (discussing *Blockburger* and units of prosecution); *Goodbread*, 967 S.W.2d at 860 ("For Double Jeopardy purposes, the same offense means the identical criminal act, not the same offense by name. . . . [W]hen one cannot determine from the State's pleadings whether the offenses prosecuted are the same, the court must look to the proof offered at trial.") (citing and quoting favorably from *Luna v. State*, 493 S.W.2d 854 (Tex. Crim. App. 1973)); *id.* at 861 (We look to evidence at trial to determine what instances of conduct conforming to the indictment are jeopardy-barred.). *See also Aekins*, 447 S.W.3d at 285 (Keller, P.J., concurring).

[31] TEX. PENAL CODE § 49.07(a)(1).

[32] *Id.* §§ 49.04(a), 49.09(b)(2). There are other statutory methods of committing the offenses of intoxication assault and felony DWI, but here we recite only the portions of the relevant statutory provisions that conform to the allegations in the indictment. We also note that the indictment fleshes out the statutory allegations for both offenses with specific facts, but none of those specific facts affect our analysis in this case.

[33] *See Garfias*, 424 S.W.3d at 58 (appropriate to conduct an "elements" analysis for convictions of aggravated robbery and aggravated assault because those offenses, codified in TEX. PENAL CODE §§ 29.03 and 22.02 respectively, stemmed from different statutory sections).

of these offenses require proof of a fact that the other does not? Intoxication assault clearly requires proof of at least one fact not required to prove felony DWI: causing serious bodily injury. So, the remaining question, under the *Blockburger* test, is whether felony DWI requires proof of a fact not required for intoxication assault. That depends on how we view the offense of felony DWI.

A statutorily prescribed aggravating fact plays one of three roles in enhancing an offense: (1) creating a new aggravated offense in which the aggravating fact is an element, (2) enhancing the level of the offense, or (3) enhancing the punishment for the offense.[34] If the two prior convictions that elevate DWI from a misdemeanor to a felony are elements of a resulting offense of felony DWI, then they are facts required to prove felony DWI that are not required to prove intoxication assault. But if the two prior convictions merely enhance the offense level or the punishment for DWI from that of a misdemeanor to that of a felony, then they are not facts required to prove the offense of DWI, and there really is no offense of "felony DWI" but an offense of DWI that is enhanced to or punished as a felony.

Applicant concedes that we have construed the required prior DWI convictions to be elements of the offense of felony DWI, and he is correct in that concession. In examining §§ 49.04 and 49.09 in *Gibson v. State*, we observed that the "prior intoxication-related offenses . . . serve the purpose of establishing whether the instant offense qualifies as felony driving while intoxicated. The prior intoxication-related offenses are elements of the offense . . . . [and] define the offense as a felony."[35] We explained that the two prior convictions are needed to establish the offense as a felony

---

[34] *See Reinke v. State*, 370 S.W.3d 387, 389 & n.3 (Tex. Crim. App. 2012) (drawing the distinction between "enhancing the level of the offense and enhancing the level of punishment, and referring in footnote to another category that includes "jurisdictional elements" of the offense).

[35] 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).

triable in district court and that evidence of those convictions "are admitted into evidence as part of the State's proof of its case-in-chief during the guilt-innocence stage of the trial."[36]

In a later case, we emphasized the elemental nature of the § 49.09 prior-conviction requirement, saying, "[U]nder our penal statutes, two (or more) prior intoxication-related offenses are *specific attendant circumstances* that serve to define, in part, the forbidden conduct of the crime of felony driving while intoxicated."[37] Reiterating the relevance of this prior-conviction requirement to the guilt stage of trial, we commented in another case that the prior convictions were "validly mentioned in the indictment," were validly introduced into evidence via stipulation, were legitimately addressed in the guilt-stage jury instructions, and were "the legitimate subject of voir dire, opening statements, and closing arguments."[38] In yet another case, we held that the guilt-stage jury charge was in error in failing to instruct on the prior convictions required for a felony-DWI offense because those prior convictions were essential elements of the offense.[39] We also mentioned that the law required the State to "plead two jurisdictional prior DWI convictions in a felony DWI indictment."[40] And in other contexts, we have reiterated that the two prior convictions are jurisdictional elements of the offense of felony DWI that must be proved to obtain a conviction for

---

[36] *Id.*

[37] *Weaver v. State*, 87 S.W.3d 557, 560 (Tex. Crim. App. 2002) (emphasis in original).

[38] *Hollen v. State*, 117 S.W.3d 798, 802 (Tex. Crim. App. 2003).

[39] *Martin v. State*, 200 S.W.3d 635, 639 (Tex. Crim. App. 2006).

[40] *Id.* at 640.

felony DWI.[41]

Moreover, the same conclusion may be reached by following the reasoning in *Lomax v. State*.[42] In that case, the question was whether felony DWI could be an underlying felony in a felony-murder prosecution.[43] The felony-murder statute bars the use of manslaughter as an underlying felony, and our jurisprudence has construed that bar to extend to any lesser-included offense of manslaughter, so we considered whether felony DWI was a lesser-included offense of intoxication manslaughter.[44] We found that it was not.[45] We explained that "[f]elony DWI requires proof of two prior convictions" which "are not 'facts required,' or included within the proof necessary, to establish intoxication manslaughter."[46] The holding that felony DWI is not a lesser-included offense of intoxication manslaughter necessarily means that felony DWI is not a lesser-included offense of intoxication assault.[47]

---

[41] *Barfield v. State*, 63 S.W.3d 446, 448 (Tex. Crim. App. 2001); *Tamez v. State*, 11 S.W.3d 198, 202 (Tex. Crim. App. 2000).

[42] *Lomax*, 233 S.W.3d 302, 311 (Tex. Crim. App. 2007).

[43] *Id.* at 303.

[44] *Id.* at 310. *See also* TEX. PENAL CODE § 19.02(b)(3) ("commits or attempts to commit a felony, other than manslaughter"); *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999) ("[A] conviction for felony murder . . . will not lie when the underlying felony is manslaughter or a lesser included offense of manslaughter.").

[45] *Lomax*, 233 S.W.3d at 311. We assumed, without deciding, that the statutory bar in the felony-murder offense to using manslaughter as the underlying felony extended to intoxication manslaughter. *Id.* at 310-11.

[46] *Id.* at 311.

[47] The various statutory methods of committing intoxication assault are lesser-included offenses of counterpart statutory methods of committing intoxication manslaughter, with the distinction between the offenses being whether the injury inflicted is "serious bodily injury" or "death." *Compare* TEX. PENAL CODE §§ 49.07(a) & 49.08(a).

From this discussion, it is abundantly clear that the offenses of felony DWI and intoxication assault are different under the *Blockburger* same-elements test. Consequently, these offenses are presumed to be different for double-jeopardy purposes, and we must turn to whether that presumption has been rebutted by other factors. In deciding whether the presumption has been rebutted, we must conduct an analysis of various factors under *Ervin* to determine whether the legislature nevertheless clearly intended the offenses to be treated as the same.

## C. *Ervin* Factors

### 1. *Prior Cases*

Three of our cases subsequent to *Ervin* have involved extensive *Ervin* analyses. In *Bigon* and *Shelby*, an analysis of factors under *Ervin* persuaded us that the legislature did not intend separate punishments for the offenses at issue.[48] *Ervin* involved manslaughter and intoxication manslaughter;[49] *Bigon* involved intoxication manslaughter and felony murder, when the underlying felony for felony murder was driving while intoxicated with a child under age fifteen;[50] and *Shelby* involved aggravated assault against a public servant and intoxication assault against a peace officer.[51] In contrast to those cases, *Garfias* held, after an analysis of the *Ervin* factors, that separate punishments were authorized for the offenses of aggravated robbery by threat and aggravated assault by causing bodily injury.[52] We look to all four of the above cases for guidance in analyzing the

---

[48] *See Ervin*, 991 S.W.2d 804; *Bigon*, 252 S.W.3d 360; *Shelby*, 448 S.W.3d 431.

[49] *See* 991 S.W.2d at 817.

[50] *See* 252 S.W.3d at 363.

[51] *See* 448 S.W.3d at 434.

[52] *See* 424 S.W.3d at 60-61, 64.

*Ervin* factors in the present case.

## 2. *Different Characterizations for Different Purposes*

While acknowledging that the prior convictions are jurisdictional, applicant argues that we should treat them differently in a double-jeopardy analysis. He argues that, using the "facts required" test in *Bigon*, the facts required for the two offenses are the same. He suggests that although jurisdiction is established by the prior convictions, we should not consider them "facts required" in conducting a double-jeopardy analysis. Applicant's contention could be seen as engaging in a liberalized *Blockburger* analysis by re-characterizing the prior-conviction elements as punishment enhancements for double-jeopardy purposes, so that the offenses in question may then be viewed as the same under the *Blockburger* same-elements test.

But the legislature's decision to treat the prior convictions as elements has substantial procedural consequences. As we have explained above, according the prior convictions the status of elements has the effect of conferring jurisdiction in district court and requiring that the prior convictions be listed in the indictment, proved at the guilt stage of trial, and submitted in the guilt-stage jury charge. Further, the requirement that the convictions be in the indictment means that a grand jury must pass on them and that the defendant will be guaranteed pretrial notice of them. By contrast, if the prior convictions were mere punishment enhancers, the prosecutor could simply give written notice of them, and such notice would not necessarily be required prior to trial.[53] Moreover, by concluding in *Lomax* that felony DWI was not a lesser-included offense of intoxication manslaughter, we accorded substantive effect to the prior-convictions requirement in construing the felony-murder statute. The procedural and substantive effects that the prior convictions have on how

---

[53] *Villescas v. State*, 189 S.W.3d 290 (Tex. Crim. App. 2006).

we treat the resulting offense of felony DWI seriously undermine the notion that we can re-characterize them as punishment enhancers for double-jeopardy purposes.[54]

### 3. *Placement of the Offenses within the Statutory Scheme*

We have suggested that the presence of two offenses in the same chapter of the Penal Code is a factor in favor of treating them as the same offense, although our *Ervin*-analysis cases have not addressed offenses that were actually codified within the same chapter.[55] In two cases, the offenses were contained in the same chapter at some point in the past, and we determined that the transfer from one chapter to another could be explained as a mere housekeeping measure.[56] In *Shelby*, we addressed intoxication assault, and we concluded that its appearance within that chapter—a separate

---

[54] Similarly, these practical consequences weigh against the dissent's suggestion that we treat "jurisdictional" elements as being different from other elements for double-jeopardy purposes. Moreover, the *Tamez* rule upon which the dissent relies—that the State is prohibited from introducing the *details* of a prior conviction that is an element of the offense if the defendant is willing to stipulate to the prior conviction—is simply a specific application of Texas Rule of Evidence 403. *See Tamez*, 11 S.W.3d at 200-02. The application of Rule 403 to a recurring fact scenario is, at best, weak evidence to consider in the double-jeopardy context. We also note that the *Tamez* rule was derived from a Supreme Court case involving the offense of felon in possession of a firearm, *see id.* at 200 (noting that *Old Chief v. United States*, 519 U.S. 172 (1997) involved a prosecution for possession of a firearm by a felon), and that at least two courts of appeals have found the rule to be applicable in cases involving such an offense. *Adekeye v. State,* 437 S.W.3d 62, 72 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd); *McIlroy v. State*, 188 S.W.3d 789, 793-96 (Tex. App.–Fort Worth 2006, no pet.). We further note that the fact of a prior conviction does not by itself distinguish the Texas felon-in-possession offense from a lesser-included offense.

[55] *See Shelby*, 448 S.W.3d at 437 (discussing fact that the offenses were not contained in the same Penal Code chapter); *Bigon*, 252 S.W.3d at 371 (referring to the fact that intoxication manslaughter was no longer in the same "section" as "all of the homicide offenses" but meaning that it was no longer in the same chapter); *Ervin*, 991 S.W.2d at 815-16 (intoxication manslaughter moved from Chapter 19 to Chapter 49). *See also Garfias*, 424 S.W.3d at 61 (referring to the fact that offenses were not in the same statutory section as a factor against construing them to be the same for double-jeopardy purposes; offenses at issue also not in the same chapter).

[56] *Bigon*, 252 S.W.3d at 371; *Ervin*, 991 S.W.2d at 815-16;

chapter from the one containing the offense of aggravated assault—could have been a mere housekeeping measure and provided "minimal guidance" on what the legislature intended.[57] We conclude that the inclusion of felony DWI and intoxication assault within the same chapter is a slight factor in favor of treating the offenses as the same.

But we must further ask not merely whether the offenses are in the same chapter, but how they are structured within that chapter. This concept is at least partially expressed by the *Ervin* factor "whether the offenses are phrased in the alternative" and the factor "whether the offenses are contained in the same statutory section." The offenses at issue in *Ervin*—manslaughter and intoxication manslaughter—were, before September 1, 1994, "merely alternate methods of committing the offense of involuntary manslaughter under former § 19.05."[58] Once the provision that is now intoxication manslaughter was transferred to Chapter 49, the offenses could no longer be phrased in the alternative, but there was a plausible, non-substantive ("housekeeping") explanation for the transfer: the legislature wanted all intoxication offenses to be in the same chapter.[59] In other cases involving a double-jeopardy claim with respect to whether an intoxication offense was the same as a non-intoxication offense, we have dismissed the "phrased in the alternative" factor as inapplicable because the offenses were codified in different statutory sections and could not, therefore, be phrased in the alternative.[60] Our dismissal of this factor in those cases must be read in light of the plausible non-substantive explanation for why the intoxication and non-

---

[57] *Shelby*, 448 S.W.3d at 437-38.

[58] *Ervin*, 991 S.W.2d at 815.

[59] *Id.* at 816.

[60] *Shelby*, 448 S.W.3d at 438; *Bigon*, 252 S.W.3d at 371.

intoxication offenses are not in the same section: because the legislature wanted all intoxication offenses together in the same chapter.

That plausible explanation does not apply to the present case. Both offenses at issue here are intoxication offenses that are contained in the same chapter of the Penal Code. Had the legislature wished to set up alternative methods of committing an enhanced DWI offense that included the existence of prior convictions as one alternative and the causing of serious bodily injury as another, it could have easily done so. Under § 49.09(b), there are currently two methods of elevating a DWI to a felony DWI: (1) one prior conviction for the offense of intoxication manslaughter or substantially similar offense in another state, or (2) two prior convictions of an intoxication offense.[61] Had the legislature wished, it could have added a third method to that subsection for when the defendant's intoxication causes serious bodily injury. The legislature has enacted statutes in which the existence of prior convictions is an alternative enhancing element of an offense alongside other alternative enhancing elements that do not involve prior convictions.[62] Because the legislature could

---

[61] *See* TEX. PENAL CODE § 49.09(b)(1), (2).

[62] *See* TEX. PENAL CODE §§ 30.04(d)(2) (burglary of a vehicle offense is a state-jail felony if (1) the defendant has been previously convicted two or more times under the statute, or (2) the vehicle he entered is a rail car), 31.03(e)(4) (numerous alternative ways of committing a state-jail-felony theft, including (1) the property stolen is valued at $1,500 or more but less than $20,000, or (2) the value of the property was less than $1,500 and the defendant has previously been convicted two or more times of any grade of theft), 33.02 (breach of computer security is a state-jail felony if (1) the defendant has two prior convictions under the chapter, or (2) the computer equipment is owned by the government or a critical infrastructure facility), 33A.02(b)(3) (unauthorized use of telecommunications service is state-jail felony if (1) the value of the service is $1500 or more but less than $20,000 or (2) the defendant has previously been convicted two or more times under the chapter), 33A.04(b)(3) (same). *See also* TEX. PENAL CODE § 38.04(b)(1) (West 2010) (evading arrest or detention was a state-jail felony if (1) the actor had previously been convicted under the section, or (2) the actor used a vehicle while in flight and had not been previously convicted under the section). *Cf.* TEX. PENAL CODE § 22.01(b)(1)-(4) (one of the alternative methods of committing a third-degree-felony assault [subsection (2)(A)] includes a prior conviction as one of the elements).

have easily structured the statute in a way that would have made clear an intent not to impose separate punishments, the failure to do so weighs significantly against treating the offenses of felony DWI and intoxication assault as the same.[63]

### 4. *Naming of the Offenses*

We have concluded that offenses were similarly named if they shared a common word in the title, such as "manslaughter" in the manslaughter and intoxication-manslaughter statutes[64] or "assault" in the aggravated-assault and intoxication-assault statutes.[65]  In *Bigon*, we concluded that the offenses of intoxication manslaughter and felony murder were similarly named because "[m]urder and manslaughter denote similar offenses that differ only in degree."[66]  By contrast, we concluded in *Garfias* that the offenses of aggravated assault by causing bodily injury and aggravated robbery by threat were not named similarly.[67]

The statutes codifying DWI and intoxication assault both contain a form of the word "intoxicate" in their titles.  The word is contained as a modifier in both statutes rather than as the

---

[63] The dissent contends that the fact that *misdemeanor* DWI is a lesser-included offense of intoxication assault is some evidence that the legislature did not intend to separately punish intoxication assault and *felony* DWI.  But it is not uncommon for offenses that are different for double-jeopardy purposes to share a common lesser-included offense.  For example assault by causing bodily injury is, in the abstract, a lesser-included offense of murder, injury to a child by causing bodily injury (at least by act), and robbery by causing bodily injury.  *See and compare* TEX. PENAL CODE §§ 22.01(a)(1) (assault), 19.02(b)(1) (murder), 22.04(a)(3), (f) (injury to a child), 29.02(a)(1) (robbery).  Yet, it cannot be seriously questioned that the latter three offenses are different from each other, at least in the abstract, for double-jeopardy purposes.

[64] *Ervin*, 991 S.W.2d at 816.

[65] 448 S.W.3d at 438.

[66] 252 S.W.3d at 371.

[67] 424 S.W.3d at 61.

noun. This fact may somewhat weaken the inference to be drawn when compared to the offenses at issue in *Ervin*, *Bigon*, and *Shelby*, in which the common word was the noun. On the other hand, the intoxicated/intoxication modifiers denote offenses that belong to a particular class that are grouped within the same title of the Penal Code. On balance, we conclude that the offenses of felony DWI and intoxication assault are named similarly enough for that to be a slight factor in favor of treating the offenses as the same.

### 5. *Punishment Ranges*

Felony DWI and intoxication assault have the same punishment range—that of a third-degree felony.[68] At first blush, having the same punishment range would appear to weigh in favor of treating the two offenses the same. However, such a conclusion depends on the idea that the offenses are considered co-equal rather than greater- and lesser-included offenses. In *Ervin*, the offenses of manslaughter and intoxication manslaughter were formerly alternative methods of committing the same offense, so the offenses were considered co-equal, and one would expect the punishment ranges to be the same. In *Bigon*, however, the offenses of felony murder and intoxication manslaughter were analogous to greater- and lesser-included offenses and the greater offense carried a heavier punishment range.[69] Where the offenses are posited as being analogous to greater- and lesser-included offenses, one would expect the punishment ranges to differ, with the greater offense carrying the heavier punishment range, as in *Bigon*.[70]

---

[68] TEX. PENAL CODE §§ 49.04(b) (referring to § 49.09), 49.07(c) (intoxication assault), 49.09(b) (felony DWI).

[69] *See* 252 S.W.3d at 371-73.

[70] *See Shelby*, 448 S.W.3d at 438 (observing that the two offenses having different punishment ranges was not dispositive and citing *Bigon*).

If one posits that felony DWI and intoxication assault are co-equal offenses, being aggravated DWIs of third-degree-felony status, having the same punishment range would make sense. But, as we explained above, the structure of these offenses within Chapter 49 strongly militates against any conclusion that these offenses were meant to be co-equal alternatives. If one posits that intoxication assault and felony DWI are analogous to greater- and lesser-included offenses—as applicant does—then one would not expect the offenses to necessarily have the same punishment range. Having the same punishment range would not necessarily be *inconsistent* with a greater- and lesser-included offense relationship if felony DWI is conceived as analogous to a lesser-included offense that is then subject to punishment enhancement, but the sameness of the punishment ranges would be coincidental and not particularly probative of the relationship between the offenses. On balance, we conclude that the sameness of the punishment ranges in the present case is a slight factor in favor of treating the offenses as the same.

### 6. *Focus or Gravamen / Unit of Prosecution*

In every case in which we have found the offenses to be the same under an *Ervin* analysis, the focus of each of the offenses and the units of prosecution for the offenses have been the same. *Ervin* and *Bigon* each involved homicide offenses, with the focus of both offenses at issue being on the result of the defendant's conduct—the death of an individual.[71] The units of prosecution for the offenses at issue in these cases were identical: each victim who was killed.[72] In *Shelby*, the offenses

---

[71] *Ervin*, 991 S.W.2d at 816 ("[M]anslaughter and intoxication manslaughter have a common focus: the death of an individual. Both crimes are result of conduct crimes with death being the result."); *Bigon*, 252 S.W.3d at 371 ("The focus of the two offenses is the same: the death of an individual. Both offenses are result oriented.").

[72] *Bigon*, 252 S.W.3d at 371-72 (addressing the allowable unit of prosecution for an assaultive offense and concluding, "In this case, there were two victims, so each victim would

were both forms of assault with a result-of-conduct focus on bodily injury to an individual.[73]

Likewise, the offenses at issue in that case prescribed the same unit of prosecution.[74]

By contrast, the offenses at issue in *Garfias* did *not* have the same focus and did *not* prescribe the same unit of prosecution.[75]  One of the offenses, aggravated robbery by threat, was a conduct-oriented offense that focused on "threatening conduct, which violated the personal security of the victim."[76]  The other offense, aggravated assault by causing bodily injury, was a result-oriented offense that focused "on the actual harm inflicted."[77]  We found this difference in focus to result in different units of prosecution for the two offenses involved.[78]  Our conclusion regarding the focus of each offense and the applicable unit of prosecution was crucial to our conclusion that these offenses were *not* the same under an *Ervin* analysis.[79]

As in *Garfias*, the focus of each of the offenses in the present case is different.  To begin with, the offenses at issue in this case each have a different *type* of focus.  Intoxication assault is a

constitute a separate offense.").

[73]  *Shelby*, 448 S.W.3d at 438-39 ("The indictment that charged appellant with aggravated assault with a deadly weapon against a public servant alleged that appellant caused bodily injury. . . . Like aggravated assault with a deadly weapon against a public servant, intoxication assault is a result-oriented offense with the gravamen of causing bodily injury.").

[74]  *Id.* at 439-40.

[75]  424 S.W.3d at 60-61 ("[T]he individual gravamina of assault or robbery by threat and assault or robbery causing bodily injury differ significantly[,]" and "the allowable units of prosecution for the two offenses are not the same.").

[76]  *Id.* at 60.

[77]  *Id.* at 61.

[78]  *Id.*

[79]  *Id.* at 59-61, 63-64.

result-oriented offense.[80] By contrast, felony DWI contains no result-of-conduct elements. Instead, there is a nature-of-conduct element (driving while intoxicated) and a circumstance-surrounding-the-conduct element (having two prior DWI convictions). Whether one wants to characterize felony DWI as a conduct-oriented offense or a circumstance-oriented offense, or a mixture of the two, one cannot characterize the offense as result-oriented. Moreover, in line with being a result-oriented offense, intoxication assault focuses on bodily injury to the victim, with injury to each victim being the allowable unit of prosecution.[81] But no victim is required for the offense of felony DWI, much less one who has suffered bodily injury.[82]

As a consequence, the units of prosecution for the offenses are not only not the same, but they do not completely line up spatially and temporally, although they overlap. For example, a person could, after two prior DWI convictions, drive on a road while intoxicated a third time for half an hour, and at the end of that half-hour, his vehicle could collide with a car occupied by four individuals, all of whom are injured. Applicant would have committed only one felony DWI, which took place in the space of thirty minutes and over several miles of road. But he would have committed four intoxication assaults, which would have occurred at a specific point on the road and in the space of mere seconds.

Although the felony-DWI and intoxication-assault offenses are both designed to protect

---

[80] *Shelby*, 448 S.W.3d at 439.

[81] *Id.* at 439-40.

[82] *See Hanna v. State*, 426 S.W.3d 87, 96 (Tex. Crim. App. 2014) ("court of appeals correctly noted that the offense of DWI does not require a victim" though "the whole purpose of criminalizing driving while intoxicated is to prevent '[t]he carnage caused by drunk drivers'—fatalities, serious injuries and property damage").

against the "carnage caused by drunk drivers,"[83] those offenses could nevertheless be said to address distinct and cumulative evils or risks to society.[84] The legislature could easily believe that those who repeatedly engage in drunk driving *and* cause bodily injury while engaging in drunk driving are even more dangerous and blameworthy than those who do either alone.[85] That the offenses at issue in the present case each have a different focus and a different unit of prosecution buttresses the idea that the legislature saw them as involving separate (though related) societal dangers and harms and weighs significantly against treating the offenses as the same.

### 7. *History*

We finally consider the history of the statutes that prescribe the offenses at issue here. In *Ervin*, we examined a prior version of the statute that codified what are now manslaughter and intoxication manslaughter and how it had changed, and we considered some changes to other statutes that related to the offenses.[86] We likewise compared former and current provisions in *Bigon*.[87]

Prior to 1941, there existed only one offense of driving while intoxicated, codified in Article 802 of the old Penal Code.[88] This offense contained no enhancements for prior convictions or for

---

[83] *See id.*

[84] *See Albernaz*, 450 U.S. at 343 (concluding that "importation" and "distribution" of marijuana "are directed to separate evils presented by drug trafficking" and "impose diverse societal harms").

[85] *See id.* ("Congress has in effect determined that a conspiracy to import drugs and to distribute them is twice as serious as a conspiracy to do either object singly.").

[86] 991 S.W.3d at 814-17.

[87] 252 S.W.3d at 371.

[88] TEX. PENAL CODE art. 802 (1925).

any other circumstance.[89] In 1941, the legislature enacted Article 802b, which created the separate offense of driving while intoxicated with one prior conviction and made that offense a felony.[90] In *Broughton v. State,* we distinguished Article 802b from the habitual-offender punishment-enhancement statute (then article 63), saying, "The object and purpose of the two statutes are different: One is to enhance the punishment while the other is to charge a felony and is jurisdictional."[91] In a later case, we expressly stated that Article 802b "is not an enhancement of punishment statute but creates a new and independent crime of the grade of felony, an essential element of which is that the person charged has previously been convicted of a misdemeanor offense of driving while intoxicated."[92] These pronouncements were perhaps unremarkable because Article 802b alleged all of the elements of felony DWI and did not in any way depend upon the DWI offense contained in Article 802.[93]

---

[89] *See id.*

[90] *See Vercher v. State*, 145 Tex. Crim. 530, 531, 170 S.W.2d 232, 232 (1943) (quoting TEX. PENAL CODE art. 802b, enacted by the 47th legislature: "Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle upon any public road or highway in this State or upon any street or alley within an incorporated city, town or village, while intoxicated or under the influence of intoxicating liquor, and who shall thereafter drive or operate an automobile or other motor vehicle upon any public road or highway in this State or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a felony and upon conviction be punished by confinement in the penitentiary for any term of years not less than one (1) nor more than five (5).").

[91] *Broughton v. State*, 148 Tex. Crim. 445, 448, 188 S.W.2d 393, 395 (1945). *See also Stephens v. State*, 161 Tex. Crim. 407, 409, 277 S.W.2d 911, 912-13 (1955) (quoting *Broughton*).

[92] *Hill v. State*, 158 Tex. Crim. 313, 314-15, 256 S.W.2d 93, 94 (1953), *overruled on other grounds by Vasquez v. State*, 477 S.W.2d 629, 632 (Tex. Crim. App. 1972).

[93] *See* this opinion nn. 88, 90.

But in 1965, the newly enacted Article 36.01 of the Code of Criminal Procedure introduced language that was not found in its predecessor: "When prior convictions are alleged for purposes of enhancement only and *are not jurisdictional*, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07."[94]  This new language ensured that prior convictions used only for enhancement purposes would not be mentioned until the punishment stage of trial, but this language contained an exception when the prior convictions were jurisdictional.  This "jurisdictional" exception hearkens back to the language of *Broughton* and appears to be a legislative recognition that prior convictions that are needed to make an offense a felony (vesting jurisdiction in the district court) were not mere enhancements but were elements of the offense.[95]

In *Diamond v. State*, we were confronted with a provision of the theft statute that made theft a felony if two prior theft convictions were proven.[96]  Unlike Article 802b, the theft provision at issue did not contain all of the elements of the felony offense.  Rather, as part of a comprehensive theft statute that contained a number of provisions grading theft from a Class C misdemeanor to a second-degree felony, the provision at issue merely set forth the elements that made theft a third-

---

[94]  *See* TEX. CODE CRIM. PROC. art. 36.01(1) (Vernon's 1981) (emphasis added); Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722 (emphasis added); John F. Onion, Jr., *Special Commentary*, TEX. CODE CRIM. PROC. art. 36.01 (Vernon's 1981) ("Section 1 of old article has had added" the quoted language, which, combined with the new section 8, "should end the raging controversy about whether the reading of an indictment alleging prior convictions prejudices a defendant before the jury hears the facts on the instant or primary offense.").  *Compare to* TEX. CODE CRIM. PROC. art. 642 (1925), the predecessor statute, which does not contain the language.

[95]  *But see Calton v. State*, 176 S.W.3d 231, 234-36 (Tex. Crim. App. 2005) (a prior-conviction requirement in a statute can be an element of an offense even if it is not jurisdictional).

[96]  530 S.W.2d 586, 586-87 (Tex. Crim. App. 1975).

degree felony.[97]  Nevertheless, citing *Broughton* and other cases construing Article 802b, we held that "[t]he addition of the prior theft convictions in the instant case created a new offense of the grade of felony and vested the District Court with jurisdiction just as the allegation of the prior conviction for driving while intoxicated created a felony offense under 802b."[98]  Relying upon *Diamond* in *Gant v. State*, we held that "the prior theft offenses, as jurisdictional elements of the offense alleged, must be included in the body of the main charge before the jury is authorized to make a general finding of guilt."[99]

With the advent of the modern Penal Code in 1974, the legislature moved Article 802b to Article 6701*l*-2 of the revised civil statutes, where it continued to codify every element of the felony DWI offense without regard to the "plain vanilla" DWI offense, which had been moved to Article 6701*l*-1.[100]  Relying in part on prior DWI cases and in part on the theft cases, we continued to construe the felony-DWI statute as defining an offense in which the prior convictions were elements.[101]

Effective January 1, 1984, Article 6701*l*-2 was repealed and repeat-offender provisions were

---

[97]  *See* TEX. PENAL CODE § 31.03 (Vernon's 1974).

[98]  *Diamond*, 530 S.W.2d at 587.

[99]  606 S.W.3d 867, 871-72 (Tex. Crim. App. 1980).

[100]  *See Luedke v. State*, 711 S.W.2d 657, 659 n.2 (Tex. Crim. App. 1986) (text of old version of TEX. REV. CIV. STAT. art. 6701*l*-2); *Thompson v. State*, 626 S.W.2d 750, 752 (Tex. Crim. App. 1981) (quoting from old version of TEX. REV. CIV. STAT. art. 6701*l*-1).

[101]  *Luedke*, 711 S.W.2d at 659. ("A prior conviction is an essential element of felony driving while intoxicated . . . . Unlike *Perez v. State*, 678 S.W.2d 85 (Tex. Crim. App. 1984), wherein we held that a punishment allegation used for enhancement purposes does not constitute a new or different offense, the prior conviction is, in the instant case, an element of the felony offense itself, and must be proved at the guilt-innocence stage of trial in order to authorize a conviction.").

placed in Article 6701*l*-1, along with a provision that increased punishment if the DWI offense caused another person to suffer serious bodily injury.[102] This revised version of Article 6701*l*-1 was organized as follows: Subsection (b) set forth a base offense of driving while intoxicated.[103] Subsection (c) set forth a misdemeanor penalty range for the unenhanced version of the offense.[104] Subsection (d) set forth an enhanced misdemeanor penalty range when one prior conviction was shown.[105] Subsection (e) set forth an even more serious penalty range that included both misdemeanor and felony punishments when two prior convictions were shown.[106] And Subsection (f) increased the minimum term of confinement and the minimum and maximum fines if it were shown that the offense caused serious bodily injury.[107]

---

[102] Acts 1983, 68th Leg., p. 1574, ch. 303, §§ 3, 27.

[103] *Id.* (Art. 6701*l*-1(b)) ("A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place. The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.").

[104] *Id.* (Art. 6701*l*-1(c)) ("Except as provided by Subsections (d), (e), and (f) of this article, an offense under this article is punishable by: (1) a fine of not less than $100 or more than $2,000; and (2) confinement in jail for a term of not less than 72 hours or more than two years.").

[105] *Id.* (Art. 6701*l*-1(d)) ("If it is shown on the trial of an offense under this article that the person has previously been convicted one time of an offense under this article, the offense is punishable by: (1) a fine of not less than $300 or more than $2,000; and (2) confinement in jail for a term of not less than 15 days or more than two years.").

[106] *Id.* (Art. 6701*l*-1(e)) ("If it is shown on the trial of an offense under this article that the person has previously been convicted two or more times of an offense under this article, the offense is punishable by: (1) a fine of not less than $500 or more than $2,000; and (2) confinement in jail for a term of not less than 30 days or more than two years or imprisonment in the state penitentiary for a term of not less than 60 days or more than five years.").

[107] *Id.* (Art. 6701*l*-1(f)) ("If it is shown on the trial of a person punished for an offense under Subsection (c), (d), or (e) of this article that the person committed the offense and as a direct result of the offense another person suffered serious bodily injury, the minimum term of confinement for

With this revision, felony DWI was no longer codified in a standalone statute; rather, the revised statute set forth an integrated scheme, which included a base offense of DWI in one subsection and in another subsection made a felony penalty available when two prior DWI convictions were shown. Nevertheless, in conformity with prior law, most courts of appeals addressing the matter construed these provisions as treating prior convictions as elements.[108]

In *Bucek v. State*, the Fort Worth Court of Appeals addressed whether the "serious bodily injury" requirement of Subsection (f) was an element of an enhanced DWI offense or was simply a punishment enhancement.[109] Determining that Subsection (f) merely enhanced punishment, the court also suggested that Subsection (e) was merely a punishment enhancer:

> [S]ubsections (c), (d), (e), and (f) are merely punishment provisions of driving while intoxicated and . . . subsection (b) of the article, driving while intoxicated, is not a lesser included offense of subsection (f). . . . [S]ubsection (b) defines the offense of driving while intoxicated. Subsection (c) prescribes the ordinary punishment for that [DWI] offense and subsections (d), (e), and (f) prescribe extraordinary punishment which is applicable in the event of certain aggravating factors.[110]

In *Addington*, however, the Texarkana Court of Appeals distinguished *Bucek*'s fact situation and held that, while the "punishment provisions" in Subsections (d) through (f) were "enhancement

---

the offense is increased by 60 days and the minimum and maximum fines for the offense are increased by $500.").

[108] *Hogue v. State*, 752 S.W.2d 585, 588 (Tex. App.–Tyler 1987, pet. ref'd) ("Two prior convictions for driving while intoxicated are essential elements of the offense of felony driving while intoxicated." Citing Art. 6701*l*-1(e)); *Addington v. State*, 730 S.W.2d 788, 789-90 (Tex. App.–Texarkana 1987, pet. ref'd); *Freeman v. State*, 733 S.W.2d 662, 663-64 (Tex. App.–Dallas 1987, pet. ref'd); *State v. Kindred*, 773 S.W.2d 766, 768 (Tex. App.–Corpus Christi 1989, no pet.) (citing *Hogue*); *State v. Wheeler*, 790 S.W.2d 415, 416 (Tex. App.–Amarillo 1990, no pet.); *Will v. State*, 794 S.W.2d 948, 952-53 (Tex. App.–Houston [1ˢᵗ Dist.] 1990, pet. ref'd).

[109] 724 S.W.2d 129, 130-31 (Tex. App.–Fort Worth 1987, no pet.).

[110] *Id.* at 131.

provisions in the broad sense, [Subs]ection (e) is a *special enhancement* because it elevates the offense from a misdemeanor to a felony."[111]  Consequently, the Texarkana court concluded, Subsection (e), with its requirement that two prior convictions be shown, "defines the offense, and is properly a part of the proof at the guilt-innocence stage of trial."[112]

In 1989, we handed down *Wilson v. State*.[113]  In that case, we determined that DWI was not a lesser-included offense of DWI resulting in serious bodily injury because the serious-bodily-injury provision was an enhancement provision and did not prescribe an element of an offense.[114]  In so holding, we found the analysis in *Bucek* to be "persuasive and sound."[115]  We stated that, under the Penal Code, when conduct "is identified with the preliminary phrase 'A person commits an offense if . . . . ,' the attendant prohibition is indeed a separate and distinct offense" while "extraordinary punishment or enhancement provisions commence with the language, 'If it be shown on the trial of . . . .'"[116] We observed that the DWI statute used this sort of introductory language in the same manner.[117]  "For example," we said, "the provisions authorizing enhanced punishment for repeat offenders in art. 6701*l*-1(d) and (e), supra are each prefaced with 'If it is shown on the trial . . . .'" and "this is virtually the same language employed to introduce the availability of enhanced punishment

---

[111]  730 S.W.2d at 790 (emphasis in original).

[112]  *Id.*

[113]  772 S.W.2d 118 (Tex. Crim. App. 1989).

[114]  *Id.* at 120.

[115]  *Id.* at 121.

[116]  *Id.* at 122.

[117]  *Id.* at 123.

in the Penal Code."[118]   We added, however, that Article 6701*l*-1(f) continues and "includes the following procedurally descriptive language: 'of a person *punished for an offense under Subsection (c), (d), or (e) . . . .*'"[119]   This additional language "clearly denote[d] that before subsection (f) is to be invoked an individual must be convicted of a DWI."[120]

At issue in *Wilson* was Subsection (f), the serious-bodily-injury provision, not Subsection (e), the two-prior-convictions provision.  In support of its holding, *Wilson* pointed to language in Subsection (f) that was also contained in Subsection (e), but *Wilson* also pointed to language that was unique to Subsection (f).  Construing *Wilson*'s holding broadly, the Austin Court of Appeals concluded that Subsection (e), the two prior convictions provision, "does not create a separate offense, but only provides an extraordinary punishment for the single offense of driving while intoxicated."[121]   Nevertheless, the Austin court held that, because the prior convictions were also jurisdictional, they needed to "be included in the body of the main charge before the jury was authorized to make a general finding of guilt."[122]

---

[118] *Id.*

[119] *Id.* (emphasis in original).

[120] *Id.*

[121] *Pope v. State*, 802 S.W.2d 418, 421 (Tex. App.–Austin 1991, no pet.).  *See also Love v. State*, 833 S.W.2d 264 (Tex. App.–Austin 1991, pet. ref'd) (holding, on the basis of *Pope*, that subsection (d), the one-prior-conviction provision that imposed enhanced misdemeanor punishment, was a punishment-enhancement provision and did not prescribe an element of an offense).

[122] *Pope*, 802 S.W.2d at 421.  Another court of appeals has criticized the two pronouncements in the Austin court's opinion as being inconsistent. *Porter v. State*, 921 S.W.2d 553, 558 n.3 (Tex. App.–Waco 1996, no pet.) ("We are unable to reconcile the Austin court's 'jurisdiction' exception, which allows the State to allege and prove a felony under subsection (e) during the guilt phase in order to invoke the jurisdiction of a district court, with the Austin court's holding that subsection (e) is not a separate offense."); *Williams v. State*, 946 S.W.2d 886, 898 n.13

Other courts of appeals, however, continued to view Subsection (e) as codifying elements

of an offense of felony DWI. Following *Addington*, the Amarillo Court of Appeals concluded that

"prior convictions are jurisdictional elements of the offense under article 6701*l*-1(e) and properly

part of the proof at the guilt-innocence stage of trial."[123]   The First Court of Appeals in Houston

distinguished *Wilson* by pointing to *Wilson*'s discussion of the language unique to subsection (f).[124]

The Houston court concluded that "subsection (f) is different from subsection (e) in that subsection

(f) is an extraordinary punishment provision that may attach under certain circumstances after an

offense has been proven under subsection (e)."[125] "Thus," the court further concluded, *"Wilson* may

be reconciled with *Addington* and *Freeman*, and the law remains that prior misdemeanor DWI's are

part of the proof at the guilt/innocence stage for felony DWI."[126]

Effective September 1, 1994, various intoxication-related offenses were codified in Chapter

49 of the Penal Code.[127]  A base offense of DWI was created in § 49.04.[128]  That section also created

a punishment provision for the unenhanced offense that also referred to other, enhancing provisions:

"Except as provided by Subsection (c) and Section 49.09, an offense under this section is a Class B

---

(Tex. App.–Waco 1997, no pet.).

[123] *Wheeler*, 790 S.W.2d at 416.  The court also concluded that "the prior convictions fall within the 'jurisdictional' exception of article 36.01(a)(1) and must be read to the jury." *Id.*

[124] *Will*, 794 S.W.2d at 952-53.

[125] *Id.*

[126] *Id.* at 953.

[127] Acts 1993, 73rd Leg., ch. 900, § 1.01.  *See also Ervin*, 991 S.W.2d at 815-16; *Bigon*, 252 S.W.3d at 371.

[128] Acts 1993, 73rd Leg., ch. 900, § 1.01 (TEX. PENAL CODE § 49.04(a)).

misdemeanor, with a minimum term of confinement of 72 hours."[129] The new § 49.09 was entitled "Enhanced Offenses and Penalties" and contained two enhancing provisions: a one-prior-conviction provision that raised the offense of DWI to a Class A misdemeanor and a two-prior-convictions provision that raised the offense of DWI to a third-degree felony.[130] Also relevant to our present discussion is that the legislature created the new offense of intoxication assault, codified in § 49.07.[131]

The new legislative scheme plainly superseded *Wilson*'s holding in at least one respect: "serious bodily injury" was no longer part of a punishment enhancement; it was an element of the new intoxication-assault offense. Whether *Wilson*'s holding extended to the provisions of § 49.09 was at least partially answered by *Gibson* and our subsequent cases that held that the two-prior-convictions provision in § 49.09(b), in combination with § 49.04, created the offense of felony DWI, with the prior convictions as elements of that offense.[132]

The history of the DWI provisions reveals that, during most of the time that there was a felony-repeat-offender provision for DWI, the provision was a standalone offense with the prior conviction indisputably being an element of that offense. That history also reveals that, when the felony-repeat-offender provision was made part of an integrated scheme, most courts that weighed in on the matter construed the newer felony provision consistently with its predecessor. This treatment was also consistent with this Court's treatment of similar theft provisions, in which the

---

[129] *Id.* (TEX. PENAL CODE § 49.04(b)).

[130] *Id.* (TEX. PENAL CODE § 49.09(title), (a), (b)).

[131] *Id.* (TEX. PENAL CODE § 49.07).

[132] *See* this opinion, Part II.B.

prior convictions were construed as elements of the offense of felony theft. The legislature has had plenty of notice that Texas courts were treating prior convictions under repeat-offender provisions that raised an offense to felony status as elements of a felony offense, even in integrated statutory schemes. If the legislature did not wish the prior convictions to be elements, or did not wish them to be elements for all purposes, it could have so specified when it enacted Chapter 49, or at the various times that Chapter 49 has been amended.

Instead, legislative action has reinforced the notion that the prior convictions are elements. The "jurisdictional" exception in Article 36.01 appears to be a tacit recognition that prior convictions that raise an offense to felony status are to be treated as elements. The title of § 49.09, referring to "enhanced *offenses and* penalties" may suggest that, at its inception, § 49.09 created two sorts of enhancement: (1) enhancement of the offense, accomplished by the two-prior-convictions provision, which raised the offense to felony status and was therefore jurisdictional, and (2) enhancement of the penalty, accomplished by the one-prior-conviction provision, which merely raised the offense to a higher grade of misdemeanor and was therefore not jurisdictional.[133]

Finally, in the few cases that we have found in other jurisdictions that involve similar facts, the double-jeopardy question has turned on whether the prior convictions are elements of an aggravated offense or are part of a punishment enhancement. In jurisdictions in which the prior convictions are considered elements, the offenses at issue have been deemed different offenses for

---

[133] *See Wood v. State*, 260 S.W.3d 146, 147-49 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (where DWI was enhanced by one prior conviction, prior conviction should not have been introduced at guilt phase of trial, unlike the situation in which a DWI is enhanced to a felony by two prior convictions). *But see Mapes v. State*, 187 S.W.3d 655, 659 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd) (concluding that "one prior DWI is a required element of the offense of Class A misdemeanor DWI under § 49.09(a)").

double-jeopardy purposes.[134]  In jurisdictions in which the prior convictions are considered punishment enhancements, the offenses at issue have been deemed to be the same offense for double-jeopardy purposes.[135]  We conclude that historical considerations weigh in favor of construing the offenses of felony DWI and intoxication assault to be different offenses for double-jeopardy purposes.

### D. Conclusion

The offenses at issue are in the same chapter, are similarly named, and have the same punishment ranges.  Those factors weigh in applicant's favor, but none are particularly weighty.  The prior-convictions provision could colorably be characterized as akin to a punishment enhancement under a liberalized *Blockburger* analysis, some *dicta* from the *Wilson* case lends some support for that view, and there was at one time a minority view in the courts of appeals that a former version of the prior-convictions-provision was a punishment enhancement.

But the factors that militate against applicant's position are more substantial.  The prior

---

[134]  *See State v. Letell*, 103 So.3d 1129, 1137 (La. App. 2012), *writ denied*, 112 So.3d 838 (La. 2013) (vehicular homicide by unlawful blood-alcohol concentration and fourth-offense driving while intoxicated are not the same offense for double-jeopardy purposes; defendant would have to establish three prior offenses to establish fourth-offense DWI); *State v. Smits*, 241 Wis.2d 374, 383-84, 626 N.W.2d 42, 46-47 (App.), *review dism'd*, 242 Wis.2d 548, 629 N.W.2d 786 (2001) (prohibited alcohol concentration with two or more prior convictions and prohibited alcohol concentration causing injury are not the same offense for double-jeopardy purposes; prior convictions are elements of PAC with prior convictions).

[135]  *State v. Dragoo*, 277 Neb. 858, 863-66, 765 N.W.2d 666, 670-72 (2009) (driving under the influence (DUI) and DUI causing serious bodily injury were the same offense for double-jeopardy purposes; prior offenses were sentencing enhancement provisions, not elements of the offense); *State v. Royal*, 277 S.W.3d 837, 842 (Mo. App. 2009) (second-degree assault and felony DWI were not separate offenses for double-jeopardy purposes; prior convictions required to enhance the DWI offense to a felony did not constitute additional elements of the DWI offense but were enhancements of punishment).

convictions are currently considered elements of the offense of felony DWI. The status of the prior convictions as "elements" has significant procedural and substantive consequences. The legislature could easily have crafted "serious bodily injury" and "prior convictions" as statutory alternatives but did not. Felony DWI and intoxication assault do not have the same *type* of focus, much less the same actual focus or gravamen, and the offenses do not have the same unit of prosecution. Historically, prior convictions that establish felony status have been viewed by Texas courts as elements, both for felony DWI and felony theft offenses, and that has been the prevalent view, even with modern consolidated statutory schemes. And the legislature has reinforced the notion that the prior convictions in a felony DWI offense should be treated as elements for a wide variety of purposes by enacting the "jurisdictional" exception found in Article 36.01 and by including the word "offenses" in the title of § 49.09.

Even if an analysis of the *Ervin* factors were inconclusive, applicant's double-jeopardy claim would fail, because the presumption established by the offenses having different elements under the *Blockburger* analysis would remain unrebutted.[136] When the *Blockburger* same-elements test indicates that the offenses are different, the evidence that the legislature intended only one punishment must be clear in order to rebut that presumption.[137] Whatever else one might say, one cannot say that the legislature clearly intended only one punishment for the offenses of felony DWI and intoxication assault.

---

[136] *See Albernaz*, 450 U.S. at 340-43 (rejecting claim that statute is ambiguous and that rule of lenity should be applied when *Blockburger* same-elements test indicates that the offenses are different and other factors do not give "a clear indication of contrary legislative intent.").

[137] *Id.* at 340; *Price*, 434 S.W.3d at 610 (*Blockburger* same-elements test is a rule of statutory construction and cannot be the basis for authorizing two punishments where the Legislature "clearly" intended only one); *Ervin*, 991 S.W.2d at 807.

We deny relief.

Delivered: April 15, 2015
Publish