

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00043-CR

---

ROBERT MARZETT                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

### FROM COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY
### TRIAL COURT NO. CR-2014-01023-E

----------

## MEMORANDUM OPINION[1]

----------

After a bench trial, the trial court convicted Appellant Robert Marzett of driving while his license was invalid (DWLI), enhanced under section 521.457 of the Texas Transportation Code,[2] and sentenced him to serve forty-five days in jail, probated for twenty-four months, and to pay a $500 fine. The trial court also

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Transp. Code Ann. § 521.457 (West 2013).

imposed eight days' confinement as a condition of community supervision. In thirteen issues, Appellant challenges his conviction and sentence. Because the trial court committed no reversible error, we affirm the trial court's judgment.

**Brief Facts**

On November 13, 2012, Officer Colby Hill was on patrol in Frisco, Texas, when a white Chevy Suburban without license plates drove past him. Hill initiated a traffic stop for the offense of driving without a license plate. Appellant, who was the driver of the Suburban, told Hill that he did not have a driver's license or insurance. Hill also observed that Appellant's vehicle had neither a registration nor an inspection sticker. Appellant attempted to explain to Hill that ordinary traffic laws and regulations do not apply to him. Appellant presented his passport, and the officer was able to identify Appellant by it. Hill determined that Appellant's license had expired in 2008, that it was not eligible for renewal, and that it had been suspended numerous times. One suspension began on July 18, 2012, and was indefinite; two other suspensions began on August 1, 2012—one was indefinite and the other lasted through May 15, 2014. Because Appellant was driving while his driving privilege was suspended and because he was operating the Suburban without financial responsibility, Hill arrested him for enhanced DWLI.

**Disqualification or Recusal of Trial Judge**

In his first issue, Appellant argues that the trial judge erred by failing to disqualify himself. Appellant argues that the trial judge "did not sit as a judicial

2

officer of the de jure government of the Texas Republic enforcing its general laws." He does not direct us to a specific place in the record, nor does he cite authority for this proposition; we are aware of no law supporting this argument.[3] If he is arguing that the trial judge was disqualified under the law as it exists, there are only three grounds for the disqualification of a judge: the judge served as a lawyer in the matter in controversy, the judge knows he has an interest in the subject matter, or the judge is related to one of the parties.[4] The record reflects no ground for disqualification.

If Appellant means that the trial judge should have recused himself from Appellant's case, the grounds for recusal are also found in the procedural rules.[5] The trial court referred Appellant's motion to the Presiding Judge of the Eighth Administrative Judicial Region for a decision. The Presiding Judge denied Appellant's motion without a hearing because it failed to state proper grounds for recusal and failed to state facts which would justify recusal. Appellant does not complain of the lack of hearing. Based on the record before us and considering

---

[3]*See* Tex. R. App. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (citing cases), *cert. denied*, 132 S. Ct. 2712 (2012); *see also Marzett v. State*, Nos. 05-14-01570-CR, 05-14-01571-CR, 05-14-01611-CR, 05-14-01612-CR, 2015 WL 3451960, at *3 (Tex. App.—Dallas May 29, 2015, pet. ref'd) (mem. op., not designated for publication).

[4]Tex. R. Civ. P. 18b(a); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993).

[5]Tex. R. Civ. P. 18b(b); *Gaal v. State*, 332 S.W.3d 448, 452–53 (Tex. Crim. App. 2011).

3

Appellant's complaint as voiced and as we understand it, we hold that Appellant's complaint was properly overruled. Consequently, we overrule Appellant's first issue.

**Sufficiency of the Evidence**

In his eleventh issue, Appellant argues that the evidence is insufficient to support his conviction. He appears to argue that because he believes Officer Hill lacked legal training in Appellant's interpretation of statutory terms such as "person," "operating," "vehicle," "motor vehicle," "public highway," and "state," and because his license had expired before it was suspended, among other similar arguments, the evidence was insufficient to support his conviction.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6] This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.[7] The State was required to prove that Appellant operated a motor

---

[6]*Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).

[7]*Id.*; *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, 136 S. Ct. 198 (2015).

4

vehicle on a highway when his driver's license or privilege was suspended or revoked.[8]

Based on the facts of this case, the sufficiency of the evidence to support Appellant's conviction does not turn on whether Officer Hill agreed with Appellant's interpretation of the controlling law. The trial judge, not the witness, rules on issues of law and, as trier of fact in this case, determines issues of fact.[9] Appellant has also raised this unique interpretation of law dealing with license suspensions in appealing his Dallas case. As the State points out,

> The [Dallas] court rejected Appellant's argument and noted that "the record shows appellant's license was expired and suspended." It held the evidence was sufficient and that Appellant failed to support his argument with citations to the record or any relevant authority. [Citations omitted.]

Officer Hill saw Appellant driving a Chevy Suburban on Panther Creek Parkway, a public roadway in Frisco. Appellant did not have a valid license because his license had been suspended multiple times, had expired, and was not eligible for renewal. The evidence here is sufficient to support Appellant's DWLI conviction. We overrule Appellant's eleventh issue.[10]

---

[8] *See* Tex. Transp. Code Ann. § 521.457(a) (West 2013).

[9] *See Joseph v. State*, 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

[10] *See Marzett*, 2015 WL 3451960, at *3–4.

**Choice of Law**

In his second issue, Appellant argues, "The COURT erred as a matter of law in applying the TC [transportation code] as the choice of law." Appellant seems to argue that he must voluntarily consent to subject himself to the transportation code in order for the law to apply to him. To the extent that we can understand Appellant's argument, it is unsupported by law. Saying it, even under oath, does not make it so. The law that Appellant cites in purported support of his position is inapposite. We overrule Appellant's second issue.[11]

**Probable Cause for Original Stop**

In his third issue, Appellant contends that the trial court erred as a matter of law when it concluded that his warrantless seizure was reasonable. He argues that Officer Hill misunderstood the law he relied on to justify the stop. Appellant states in his brief,

> In order to support HILL's suspicion that appellant was required to display license plates on his private property, prior to seizing Appellant, he would have to possess specific knowledge that Appellant was a statutory "person," who had purchased a statutory "vehicle" in the "thirty days" prior to this transaction or that Appellant was a "resident" of the statutory "state." Hill's suspicion was based solely on his visual observation of no license plate and his subjective interpretation of the TC. Without specific articulable facts that appellant met one of the requirements for registration, Hill was without a legal or factual basis to support his conclusion that appellant was required to display license plates.

---

[11] *See Marzett*, 2015 WL 3451960, at *4.

Appellant cites no relevant authority to support his apparent contention that a police officer is required to disprove all possible defenses to commission of an offense before the officer can stop a person the officer sees committing the offense. A peace officer may arrest without a warrant a person he sees committing an offense in his presence.[12] Officer Hill saw Appellant operate an unlicensed motor vehicle in a public place. Texas law requires vehicles driven on public roads to display two license plates.[13] Officer Hill had probable cause to arrest Appellant for the offense he observed Appellant commit.[14] We overrule Appellant's third issue.

**Jurisdiction of Trial Court**

In his fourth issue, Appellant argues that the trial court lacked jurisdiction to try his case "because the subject matter, territorial and personal jurisdiction of the COURT has not been properly invoked." He appears to argue that the transportation code applies only to commercial transportation, that the State is not the state, and that he has not been shown to be a person. If he has additional argument, it is not intelligible to us. Nor does he cite any relevant

---

[12]Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 2015).

[13]Tex. Transp. Code Ann. § 504.943(a) (West Supp. 2016).

[14]*See State v. Gray*, 158 S.W.3d 465, 469–70 (Tex. Crim. App. 2005).

7

authority in support of what we perceive as his argument. We overrule Appellant's fourth issue.[15]

**Judicial Notice of the Meaning of the Term "Transportation"**

In his fifth issue, Appellant argues, "The COURT abused its discretion when it denied Appellant's request for judicial notice of adjudicative facts in establishing on the record the definition of the term 'transportation.'" Appellant was convicted of DWLI. The definition of the term "transportation" is irrelevant to any substantive issue. Appellant provided a proposed definition of "transportation" that he insisted the trial court accept by taking judicial notice. Appellant cites no relevant authority to support his argument. We overrule Appellant's fifth issue.[16]

**Sufficiency of the Information**

In his sixth issue, Appellant challenges the sufficiency of the information filed in this case because

> [t]here is no allegation in the State's Amended Information which specific entity Appellant is alleged to be considering there are multiple entities included in the meaning of the statutory term "person" as defined by TC §541.001(4). [Record citation omitted.]

Appellant argues that this purported error is fundamental.

In the trial court, he filed a motion to quash the information. After raising many challenges in the motion that he raises on appeal concerning the meaning

---

[15] *See Marzett*, 2015 WL 3451960, at *5.

[16] *See id.* at *4–5.

8

of person, jurisdiction of the court, and fraudulence of the supporting affidavit, Appellant summarized his argument:

> The arguments in this brief [sic] show that this information never should have been filed. Defendant's license expired over four years prior to this seizure. Any competent investigation would have revealed this fact. The DISTRICT ATTORNEY knows or should know that there is no lawful authority to suspend, revoke or cancel a license that has expired. The primary responsibility of the DISTRICT ATTORNEY's office is "justice" not a conviction. Filing of this information and complaint by the DISTRICT ATTORNEY is really the criminal act. The DISTRICT ATTORNEY's office and Bolding had no reason to believe that the allegations in the complaint and information was true. This was not an attempt to get justice. This is attempt to get a conviction at any cost, including filing a fraudulent affidavit. DENTON COUNTY is relying on an incorrect interpretation of this code.

In his seventh issue, Appellant contends that the "information in the instant case does not allege all the elements of an offense under [section 521.457] that are necessary to be proved and is therefore void." He particularly asserts that the elements of DWLI include "transportation activity" and "statutory 'person.'"

We have endeavored to divine these two complaints before this court and any related complaint raised in the trial court. As we understand Appellant's arguments, we hold that the trial court did not reversibly err by denying his motion to quash the information, nor is the information fundamentally defective, if this is an argument that he raises. Appellant had adequate notice to prepare his defense.[17] He does not complain that he was denied adequate discovery. Rather, he appears to have a fundamental disagreement with Texas courts'

---

[17] *See Adams v. State*, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986).

9

interpretation of our laws and the language of our laws. The information provides sufficient notice to Appellant of the charges against him and sufficiently alleges the elements of the offense charged.[18] We overrule Appellant's sixth and seventh issues.

**Constitutionality of Statute**

In his eighth issue, Appellant challenges the trial court's holding that the "application of the TC [transportation code] to appellant's private travel was not unconstitutional 'as applied.'" We set out his argument in its entirety,

> When reviewing an attack upon the constitutionality of a statute, we begin with the presumption that the statute is valid and the legislature has not acted unreasonably or arbitrarily. The party challenging the constitutionality of a statute bears the burden of establishing that it is unconstitutional. It is a basic principle of due process that a statute is void for vagueness if its prohibitions are not clearly defined. Due process requires criminal laws to be defined so that (1) fair notice is given to ordinary persons as to what conduct is forbidden; and (2) definite standards are established to prevent arbitrary and discriminatory enforcement by police, judges, and juries.
>
> Appellant has challenged and continues to challenge the constitutionality of the TC, "as applied" to appellant. In this case the PROSECUTOR is attempting to apply provisions of the TC to activity that is not expressed in the title of the act. This violates the Tex. Const., Art. III §35. "Transportation" is the expressed subject matter of the TC. This code cannot be applied to any activity outside the expressed subject matter of "transportation." This complaint contains no specific allegation that appellant was transporting or drawing persons or property on a public highway of a TC "state." Any attempt to apply this code to activity not expressed in the title of the bill is an "as applied" violation of the Const. of Texas, Art. III., §35. [Citations and footnote omitted.]

---

[18] *See Duron v. State*, 956 S.W.2d 547, 550–51 (Tex. Crim. App. 1997).

10

We deduce that Appellant's complaint is founded in his convictions that the transportation code must be interpreted as applying to commercial activities and that the words used to define the statute he complains of must be defined as he has defined them. Additionally, he appears to insist that he must voluntarily submit to the authority of the statute. If we have correctly gleaned Appellant's arguments, they are not supported by relevant authority.[19] We overrule Appellant's eighth issue.

**Officer Hill's Use of Technical Terms**

In his ninth and tenth issues, Appellant argues that the trial court "erred as a matter of law and abused its discretion by admitting the testimony of Hill's use of technical terms" and by not striking his testimony. Although Appellant does not specify in his brief the objectionable terms he complains of, the record shows that at trial he complained of Officer Hill's use of terms such as "vehicle," "operator," "motor vehicle," and "driver." The State points out that

> [t]hese two issues were litigated by Appellant in his previous DWLI case. The Dallas court overruled his points, noting that he had failed to cite relevant authorities to support his definitions of the specified terms. It also held that the trial judge was the sole judge of the witnesses' credibility and was free to accept or reject any evidence presented by either side. [Citations omitted.]

Similarly, Appellant relies on cases and arguments dealing with legislatively defined legal concepts and standards. Appellant has failed to

---

[19]*See Marzett*, 2015 WL 3451960, at *1, *4.

11

support his argument with relevant authorities. We overrule Appellant's ninth and tenth issues.[20]

**Constitutionality of Transportation Code**

In his twelfth issue, Appellant challenges the constitutionality of the transportation code. He argues that the Sovereign People cannot be held to answer to an ambiguous law. He contends that the transportation code is unconstitutionally vague because the "COURT" and the "STATE OF TEXAS" have refused to provide a definition for the term "transportation" and have refused to notice the definitions of the terms "transportation" and "travel" provided by Appellant. But Appellant provides no relevant authority to support this argument. We overrule Appellant's twelfth issue.[21]

**Double Jeopardy**

In his thirteenth and final issue, Appellant argues that his conviction constitutes double jeopardy because he was acquitted of an included offense, failure to exhibit a license, in the Municipal Court of Frisco, Texas. The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution provides that no person shall be subjected to twice having life or limb in jeopardy for the same offense.[22] Generally, this clause protects against (1) a second

---

[20] *See id.* at *6.

[21] *See id.* at *4.

[22] U.S. Const. amend. V.

12

prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense.[23]

When the two prosecutions are for distinct statutory provisions, both an "elements" analysis and a "units" analysis should be conducted to determine whether they are for the same offense.[24] An elements analysis asks whether one statute "requires proof of a fact" which the other does not.[25] If the elements differ, then the second prosecution presumptively is not jeopardy-barred because it is not for the same offense.[26]

Appellant argues that his prosecution and acquittal for failure to display a license from the same incident bars prosecution of the DWLI case now before this court. A *Blockburger* analysis resolves this question and shows that the two prosecutions are not for the same offense. Section 521.025 requires a driver to have the appropriate license in his possession while driving and to display it on the demand of a peace officer.[27] The only element DWLI, governed by section

---

[23]*Brown v. Ohio*, 432 U.S. 161, 165, 97 S. Ct. 2221, 2225 (1977); *Ex parte Cavazos*, 203 S.W.3d 333, 336 (Tex. Crim. App. 2006).

[24]*Ex parte Benson*, 459 S.W.3d 67, 71 (Tex. Crim. App. 2015).

[25]*Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932).

[26]*Id.*

[27]Tex. Transp. Code Ann. § 521.025(a) (West 2013).

521.457, and failure to display a license have in common is operating a vehicle.[28] To prove either of the offenses involves proof of a number of facts that the other does not—for example, DWLI does not require proof that the defendant failed to display his license.[29] Appellant has done nothing to demonstrate contrary legislative intent.[30] We consequently hold that the prosecution and conviction of Appellant in this case did not violate his rights to be free from double jeopardy. We overrule Appellant's thirteenth issue.

**Conclusion**

Having overruled Appellant's thirteen issues, we affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 29, 2016

---

[28] *Compare id.* § 521.025(a)(1), *with id.* § 521.457(a)–(b).

[29] *Compare id.* § 521.025(a)(1), *with id.* § 521.457(a)–(b).

[30] *See Benson*, 459 S.W.3d at 72 n.18.

14