

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00244-CR

JOHN HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 75,026-A-CR, Honorable Dan L. Schaap, Presiding

September 30, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, John Hernandez, appeals his conviction for driving while intoxicated, third offense or more.[1]  Appellant's punishment was enhanced to that of a first degree felony by virtue of two prior felony convictions.[2]  The jury sentenced appellant to sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.  Through two issues, appellant challenges the sufficiency of the evidence to

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2019).

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West 2019).

support his conviction and contends that his sentence is grossly disproportionate to his crime. We affirm the judgment of the trial court.

## Background

Around 8:30 p.m. on November 12, 2017, Texas Department of Public Safety Trooper Richard Atkinson investigated a one-vehicle accident at Interstate 40 and Hope Road in Potter County. When Atkinson arrived at the scene, he observed a pickup truck with damage to the driver's side window. The truck was in the bar ditch, stopped against a barbed wire fence. He also noticed that a nearby yield sign had been knocked down. Atkinson approached the truck as appellant exited the vehicle from the passenger side. Appellant was the sole occupant of the truck. Atkinson asked appellant if he was injured and he responded that he was okay. Appellant told Atkinson that he had been driving the vehicle and that he was waiting for a friend to give him a ride. During this interaction with appellant, Atkinson noted that appellant emitted a "strong odor of an alcoholic beverage."

Atkinson determined that he needed to administer field sobriety tests on appellant. The first test he administered was the horizontal gaze nystagmus (HGN) test. According to Atkinson, appellant could not follow his instructions and the HGN test could not be completed. Next, Atkinson administered the walk-and-turn test. Atkinson asked appellant to take nine steps, heel to toe, keeping his arms down to his side, and then turn around and walk back nine steps touching his heel to his toe. According to Atkinson, appellant performed poorly on the walk-and-turn test: appellant swayed back and forth as Atkinson demonstrated the test; he lost his balance on the third step, stumbling to his right; he took ten steps instead of nine; he did not keep his arms down; and he did not walk in a straight line. Finally, Atkinson administered the one-leg-stand test. In that test, appellant was

2

asked to hold one leg up approximately six inches off the ground and count until he was told to stop. Appellant was unable to hold his leg up and he could not count to six. At the conclusion of the field sobriety tests, appellant remarked, "So I'm drunk." Because the field sobriety tests reflected that appellant was intoxicated, Atkinson placed appellant under arrest for DWI.

After placing appellant under arrest, Atkinson read appellant his *Miranda* rights and the standard DIC-24 statutory warnings and verified that appellant understood his rights. Atkinson asked appellant to give a breath sample and appellant agreed. Before transporting appellant to the jail to obtain his breath sample, Atkinson was required to take appellant to a local hospital to be cleared by medical personnel due to his involvement in a motor vehicle accident. On the way to the hospital, appellant asked Atkinson multiple times to change his charge to public intoxication instead of DWI.

Appellant was cleared at the hospital and he arrived at the jail approximately two hours after the accident. When Atkinson asked appellant to provide his breath for analysis, appellant changed his mind and refused to give his breath sample. At that time, Atkinson determined that it would be impractical to obtain a warrant and a blood sample due to the passage of time from the accident and the length of time that it would take to find a judge to obtain a warrant.

Appellant was indicted for DWI, third or more, and the indictment specifically alleged he had two prior DWI convictions: (1) a February 5, 1993 conviction in cause number 9001-B10440-CR of the 242nd District Court of Hale County, Texas; and (2) a December 21, 2001 conviction in cause number 8927-C of the 251st District Court of

Randall County, Texas.[3] The indictment also sought to enhance appellant's punishment based on two prior felony convictions, the first for a felony DWI and the second for possession of a controlled substance.

At trial, the above facts were elicited, and the State introduced a dashcam video of Trooper Atkinson's encounter with appellant from his patrol car. The video showed the events from the time that Atkinson arrived on the accident scene until appellant was booked at the Potter County Jail.

The jury found appellant guilty of the offense of driving while intoxicated, three or more. At the punishment phase, appellant pled true to two punishment-enhancing allegations. The State introduced a stipulation of appellant's multiple prior convictions, including six convictions for DWI. Appellant presented mitigation evidence through the testimony of several of his friends. Appellant was described as a "hell of a guy," a hard-working businessman who would "give the shirt off his back to you," and a "good person that would help anybody in trouble."

The jury assessed appellant's punishment at sixty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice.

Appellant presents two issues by his appeal. His first issue challenges the sufficiency of the evidence to support his conviction. By his second issue, appellant contends that his sentence is grossly disproportionate to the offense.

---

[3] At trial, appellant stipulated to the two felony DWIs in the indictment.

Analysis

The standard we apply in determining whether the evidence is sufficient to support a conviction is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, we consider all the evidence in the light most favorable to the verdict and determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Queeman v. State,* 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). Sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State,* 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). In our review, we must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016); *Clayton v. State*, 235 S.W. 3d 772, 778 (Tex. Crim. App. 2007).

Sufficiency of the Evidence of Intoxication

To establish the offense of driving while intoxicated, three or more, the State was required to prove, beyond a reasonable doubt, appellant (1) was intoxicated (2) while operating a motor vehicle (3) in a public place and (4) has previously been convicted twice of DWI. TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2); *Ex parte Benson*, 459 S.W.3d 67, 74 (Tex. Crim. App. 2015). The two prior DWI convictions were elements of the charged offense and were necessary to establish that the November 12, 2017 offense

5

qualified as felony DWI. *Ex parte Benson*, 459 S.W.3d at 75. Appellant stipulated to these two prior convictions.

Under the Penal Code, the definition of "intoxicated" includes "not having the normal use of mental or physical faculties by reason of the introduction of alcohol[.]" TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011).

Indicia of intoxication include any "evidence that would logically raise an inference that the defendant was intoxicated," including erratic driving; post-driving behavior such as stumbling, swaying, slurring or mumbling words; inability to perform field sobriety tests or follow directions; bloodshot eyes; and any admissions by the defendant concerning what, when, and how much he had been drinking. *Kirsch v. State,* 306 S.W.3d 738, 745 (Tex. Crim. App. 2010).

In his first issue, appellant challenges the sufficiency of the evidence to show that he operated a vehicle while intoxicated.

The jury heard evidence that appellant admitted he was driving his pickup truck when the accident occurred and he ran over a yield sign and hit a fence. Shortly thereafter, Trooper Atkinson arrived at the accident scene while appellant was sitting in his truck. Atkinson noted numerous symptoms of intoxication upon first encountering appellant. Atkinson detected a strong odor of alcoholic coming from appellant, who also had slurred speech and unsteady balance. Atkinson's interaction with appellant and appellant's poor performance on the field sobriety tests led Atkinson to suspect that appellant was intoxicated. "Being intoxicated at the scene of a traffic accident in which the actor was a driver is some circumstantial evidence that the actor's intoxication caused

the accident, and the inference of causation is even stronger when the accident is a one-car collision with an inanimate object." *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). The video evidence of Atkinson's encounter with appellant further supports an inference that appellant was intoxicated. The video showed appellant's admission that he had been drinking beer at a bar and that he was driving the truck before the accident occurred. The video also shows his performance on the field sobriety tests, his difficulty maintaining his balance, his apparent slurring of his words, and his numerous pleas to Atkinson to charge him with public intoxication instead of DWI.

The combined and cumulative force of this evidence and all reasonable inferences therefrom, when viewed in the light most favorable to the verdict, supports the jury's finding that appellant was intoxicated while driving. Considering all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found appellant guilty of DWI beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Queeman*, 520 S.W.3d at 622. Consequently, we overrule appellant's first issue.

Disproportionate Sentence

By his second issue, appellant urges that his sixty-year sentence is grossly disproportionate to his offense. Appellant concedes the sentence imposed by the jury was within the legal range as prescribed by law. However, he contends the sentence is especially cruel and unusual given the facts of the case. He asserts that the jury disregarded mitigating evidence that appellant is a successful businessman and a giving and caring person. The State responds that appellant failed to preserve this issue for our review. We agree.

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) (en banc); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing TEX. R. APP. P. 33.1(a)). Error may also be preserved for a disproportionate sentencing allegation by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam). In the absence of preservation by either method, appellant loses the right to complain about the proportionality of the sentence on appeal. *See Malone v. State*, 163 S.W.3d 785, 803 (Tex. App.—Texarkana 2005, pet. ref'd); *see also Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (en banc) (holding defendant failed to preserve cruel and unusual punishment claim when he urged no objection in trial court); *Ham v. State,* 355 S.W.3d 819, 825 (Tex. App.—Amarillo 2011, pet. ref'd) (same).

Here, when the trial court pronounced its sentence, appellant lodged no objection to his sentence, and he did not file a motion for new trial raising the issue. Because appellant did not raise his proportionality claim in the trial court, we cannot consider it on appeal. TEX. R. APP. P. 33.1(a).

Nevertheless, even if appellant had preserved this issue for review, the challenge he raises regarding the length of his sentence would fail. In this case, appellant was convicted of a felony DWI, third or more. At the punishment phase, appellant entered a plea of true to two enhancements for two previous felony convictions. The punishment range under the habitual felony statute was confinement for life, or for any term of not

more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d). Further, the State's punishment evidence consisted of a stipulation of appellant's criminal history which included six previous convictions for DWI. Appellant points to nothing in the record, here, that would raise the inference that the sixty-year sentence imposed was a grossly disproportionate punishment for a third or greater offense of driving while intoxicated. *See Speckman v. State*, Nos. 07-13-00232-CR, 07-13-00233-CR, 2014 Tex. App. LEXIS 5615, at *8-9 (Tex. App.—Amarillo May 23, 2014, no pet.) (mem. op., not designated for publication). Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual. *See, e.g., Duran v. State*, 363 S.W.3d 719, 724 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Finding no inference of gross disproportionality, we need not and do not reach the considerations regarding sentences for similar crimes in the same jurisdiction and in other jurisdictions, as appellant has provided us nothing to consider in those regards. *Noyes v. State*, No. 07-16-00229-CR, 2018 Tex. App. LEXIS 3572, at *6 (Tex. App.—Amarillo May 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010)). We overrule issue two.

Conclusion

Having overruled both of appellant's issues, we affirm the trial court's judgment.


Judy C. Parker
Justice


Do not publish.

9