

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00425-CR

William James **BALLESTERO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR8091
Honorable Ron Rangel, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:        Irene Rios, Justice
                Lori Massey Brissette, Justice
                Adrian A. Spears II, Justice

Delivered and Filed: December 10, 2025

AFFIRMED

After a jury trial, William James Ballestero was convicted of felony murder, with the underlying felony being driving while intoxicated third offense. He was sentenced to twenty-six years of imprisonment. On appeal, he argues that State's Exhibits 1 and 3 were insufficient to show that he had been previously convicted twice for DWI offenses. He further argues the trial court erred in admitting State's Exhibits 1 and 3 under Texas Rule of Evidence 403. Finally, he argues that by admitting State's Exhibit 3 in evidence, the trial court violated the presumption of

innocence. Because we conclude (1) the evidence was legally sufficient to show Ballestero had two prior DWI convictions from California, (2) the trial court did not abuse its discretion under Rule 403 in admitting State's Exhibits 1 and 3; and (3) Ballestero has not shown on appeal that the presumption of innocence was violated, we affirm.

## BACKGROUND

On March 8, 2022, Ballestero visited two bars where he drank alcoholic beverages. At about 11:15 p.m., an acquaintance, who knew Ballestero had been drinking alcohol and noticed him stumbling and slurring his words, asked Ballestero if he wanted a ride home. Ballestero declined and drove away in his silver pickup truck. Later, he drove very fast through a red light and struck a car driven by Cameron Celeste Jacobson. After the crash, Jacobson was nonresponsive and later pronounced dead. Two witnesses to the accident and two police officers who arrived at the scene all testified that Ballestero appeared to be intoxicated. When Ballestero refused to provide a breath specimen, he was arrested, and a warrant was secured for a blood draw. The results of the blood draw showed that Ballestero's blood alcohol concentration was .151 grams per deciliter.

## SUFFICIENCY OF THE EVIDENCE

Ballestero argues the State failed to prove the predicate offense of DWI third offense, specifically complaining that State's Exhibits 1 and 3 do not show he was previously convicted of two DWI offenses in California. *See* TEX. PENAL CODE § 19.02 (felony murder); *id*. § 49.09 (DWI third offense). We review the sufficiency of the evidence under the usual standard of review. *See Martin v. State*, 635 S.W.3d 672, 679 (Tex. Crim. App. 2021); *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021).

To prove that Ballestero was guilty of the predicate offense (DWI third offense), the State had to show Ballestero had been previously convicted twice of any other offense related to operating a motor vehicle while intoxicated. *See* TEX. PENAL CODE § 49.09. "To establish that the defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Kinnett v. State*, 623 S.W.3d 876, 896 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd).

Ballestero attacks State's Exhibits 1 and 3, complaining that they do not contain some information found in certified judgments. However, "[n]o specific document or mode of proof is required to prove" that a prior conviction exists and that the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "There is no 'best evidence' rule in Texas that requires that the fact of a prior conviction be proven with any document, much less any specific document." *Id*. "While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways," including "documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id*. at 921-22. "Just as there is more than one way to skin a cat, there is more than one way to prove a prior conviction." *Id*. at 922. "Any type of evidence, documentary or testimonial, might suffice." *Id*. The factfinder "looks at the totality of evidence admitted concerning the prior conviction to determine (1) whether there was a prior conviction, and (2) whether the defendant was the person convicted." *Kinnett*, 623 S.W.3d at 896.

For example, in *Flowers*, 220 S.W.3d at 923, the court of criminal appeals considered whether the following documentation was sufficient to show a prior conviction: (1) a computer printout from Dallas County; and (2) a certified copy of the appellant's driver's license record.

The appellant complained that the computer printout from Dallas County was not a "real" judgment because it did not contain all the information that a "real" judgment must contain under article 42.01 of the Texas Code of Criminal Procedure. *Id*. In rejecting this argument, the court of criminal appeals explained that "the important issue is not whether [the computer printout] represents a judgment of conviction or its functional equivalent under article 42.01, but whether a reasonable trier of fact could view" the printout and the certified copy of the appellant's driver's license record and find beyond a reasonable doubt that (1) the alleged prior DWI conviction existed, and (2) the conviction was linked to the appellant. *Id*. at 924. The court of criminal appeals noted that "the trial judge had before him a certified copy of a computer printout from the Dallas County Clerk setting out an August 18, 1995 conviction for DWI in Dallas County for an offense committed on August 2, 1995." *Id*. at 924-25. "It showed that the 'Vincent Henry Flowers' in that numbered case was sentenced to 45 days in jail." *Id*. at 925. "It set out the date of birth, address, social security number, and other personal descriptors for that 'Vincent Henry Flowers.'" *Id*. Further, the "official Texas driver's license record for appellant[] set out the same name, 'Vincent Henry Flowers,' with the same date of birth, address, personal descriptors, and matching information concerning the 1995 Dallas County DWI conviction." *Id*. "This driver's license record also had a picture of 'Vincent Henry Flowers' which the trial judge could use to compare to the person standing before him." *Id*. The court of criminal appeals conceded that although it was "conceivable that there are two men named Vincent Henry Flowers with the same date of birth, living at the same address, with the same personal descriptors, who look exactly the same, it [was] not likely." *Id*. The court concluded that while the computer printout "might not be, for all purposes, the 'functional equivalent' of a judgment as defined in article 42.01, [it] was sufficient, when considered in conjunction with [the driver's license record], to prove beyond a reasonable

doubt the existence of appellant's 1995 DWI conviction from Dallas County." *Id*. Thus, the court held that the totality of the evidence was sufficient to support the conviction. *Id*.

Here, the following exhibits were admitted in evidence to prove Ballestero's prior DWI convictions:

1.  State's Exhibit 1 is a copy of the electronic docket on file for Case No. 6sc03507 from Los Angeles County, California. It identifies the case as "*The People of the State of California vs. William James Ballestero*," which was held in the Superior Court of California, County of Los Angeles, in the Santa Clarita Courthouse "Dept 003" judicial district. The exhibit states the offense was committed "on or about 10/22/16" in Los Angeles County. It identifies the offense as "Count 01:23152(A) & 23540 VC MISD" and "Count 02: 23152(B) & 23540 VC MISD." Both counts include an "alleged prior conviction . . . for 23152(B) VC on 03/07/14" in the Superior Court, San Bernardino Judicial District. The exhibit further states that on March 29, 2017, the defendant (1) "waive[d] arraignment, reading of complaint, and statement of constitutional and statutory rights," and (2) was advised of and waived his statutory and constitutional rights. The court found that each such waiver was "knowingly, understandingly, and explicitly made" and that defense counsel joined in the waivers. The exhibit states that the defendant, with the court's approval, pled nolo contendere to Count 02, which was "a violation of section 23152(B) & 23540 VC." The court found "the defendant guilty," and the defendant "admit[ted] the prior conviction of the crime in violation as to count 01 of section 23152(B) VC, on and about 03/07/14" in the Superior Court, San Bernardino Judicial District. The exhibit states that the imposition of the defendant's sentence was suspended, and the defendant was "placed on summary probation for a period of [sixty] months," sentenced to serve fourteen days in Los Angeles County Jail, less credit for three days, and pay a fine of $390.00. The exhibit states that Count 01 was "dismissed due to plea negotiation."

2.  State's Exhibit 2 are the fingerprints of "Ballestero, William James" associated with an arrest from October 22, 2016, in Santa Clarita, California. This exhibit lists identifying information, including name, sex, race, eye and hair color, height, weight, date of birth, place of birth, and driver's license number. It states that the charge is for "23152(A) VC DUI ALCOHOL/DRUGS." At trial, a fingerprint examiner for the Bexar County Sheriff's Office testified that the fingerprints in this State's Exhibit 2 match the fingerprints of Ballestero, which were collected at the time of trial.

3.  State's Exhibit 3 includes a misdemeanor complaint in Case No. TSB1400021, *The People of the State of California v. William James Ballestero*, in the Superior Court of California, County of San Bernardino, San Bernardino District. It reflects that the complaint was filed on January 3, 2014, and that William James Ballestero was alleged to have committed the offenses of (1) driving under the influence of alcohol or drugs "in violation of VEHICLE CODE SECTION 23152(a), a misdemeanor"; and (2) driving while having a 0.08% or higher blood alcohol, "in violation of VEHICLE

CODE SECTION 23152(b), a misdemeanor." Both offenses were alleged to have been committed by William James Ballestero on or about October 10, 2013. The complaint reflects the same date of birth for William James Ballestero as reflected in State's Exhibit 2.

4. State's Exhibit 3 also contains a plea-bargain agreement for Case No. TSB140021[1] for the *People of the State of California v. William Ballestero* in the San Bernardino District. The plea-bargain agreement reflects the same date of birth for William Ballestero as reflected in the misdemeanor complaint and as reflected in State's Exhibit 2. It reflects that on March 7, 2014, Ballestero agreed to plea nolo contendere to having violated Vehicle Code section 23152(b) in exchange for being placed on probation for a period of thirty-six months and dismissal of the remaining count. The plea-bargain agreement is signed by William Ballestero, his attorney, the prosecuting attorney, and the trial judge. This prior conviction of March 7, 2014 matches the conviction that is referred to in State's Exhibit 1 as being admitted to by Ballestero.

5. State's Exhibit 4 are fingerprints associated with "William James Ballestero" who has the personal descriptors as the William James Ballestero whose fingerprints were taken in State's Exhibit 2. The fingerprints in State's Exhibit 4 were taken on October 12, 2013, which is two days after the date of the offense as charged in the misdemeanor complaint included in State's Exhibit 3. Further, State's Exhibit 4 lists the charges as "23152(A) VC DUI ALCOHOL/DRUGS" and "23152(B) VC DUI ALCOHOL/0.08 PERCENT," which are the same charges as alleged in the misdemeanor complaint included in State's Exhibit 3. State's Exhibit 4 also includes the booking number "1310060020," which matches the booking number in the misdemeanor complaint included in State's Exhibit 3. At trial, the fingerprint examiner testified that the fingerprints in State's Exhibit 4 matched the fingerprints of Ballestero, which were collected at the time of trial.

6. State's Exhibit 21B is section 23152 of the California Vehicle Code, which was effective January 1, 2013 to December 31, 2013. Section 23152(a) provided, "It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle." Section 23152(b) provides that "[i]t is unlawful for any person who has 0.08 percent of more, by weight, of alcohol in his or her blood to drive a vehicle."

7. State's Exhibit 22B is section 23152 of the California Vehicle Code, which was effective January 1, 2014 to December 31, 2016. Section 23152(a) provided, "It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle." Section 23152(b) provided, "It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle."

---

[1]We note that the style for the complaint in State's Exhibit 3 lists the cause number as "TSB1400021" while the handwritten style on the plea-bargain agreement lists the cause number as "TSB140021." Given the other information listed in the plea-bargain agreement, we conclude a reasonable trier of fact could conclude that the handwritten cause number in the plea-bargain agreement is missing a zero due to a mere administrative error.

Putting all the above evidence together in the light most favorable to the verdict, we conclude that a rational factfinder could conclude beyond a reasonable doubt that Ballestero is the person who was convicted in California of driving under the influence on March 29, 2017 and who was convicted in California of driving under the influence on March 7, 2014. *See Kinnett*, 623 S.W.3d at 896. We therefore hold the evidence is legally sufficient.

## RULE 403

Ballestero also argues the trial court erred in admitting State's Exhibits 1 and 3 in violation of Texas Rule of Evidence 403. We review a trial court's decision on whether evidence is admissible under Rule 403 for abuse of discretion. *See De La Paz v. State*, 279 S.W.3d 336, 344, 350 (Tex. Crim. App. 2009). Under Rule 403, "[r]elevant evidence must be excluded when its probative value 'is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Reese v. State*, 340 S.W.3d 838, 840 (Tex. App.—San Antonio 2011, no pet.); *see also* TEX. R. EVID. 403 (allowing a trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence"). "Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence will be more probative than prejudicial." *Reese*, 340 S.W.3d at 840-41. In making a determination under Rule 403, a court considers the following non-exclusive factors: (1) the probative value of the evidence; (2) the proponent's need for the evidence; (3) the potential to impress the jury in some irrational, yet indelible, way; and (4) the time needed to develop the evidence. *Id*. at 841.

- 7 -

In applying these factors, Ballestero first argues State's Exhibits 1 and 3 contain no probative value because they did not prove Ballestero had been previously convicted of driving under the influence. As explained above, we disagree with this assertion and have concluded that State's Exhibits 1 and 3, when considered in totality with State's Exhibits 2, 4, 21B, and 22B, and with the testimony of the fingerprint examiner, do provide sufficient evidence that Ballestero had been previously convicted of two driving under the influence offenses.

Further, we conclude State's Exhibit 1 and 3 are highly probative because they provide the full context of State's Exhibits 2, 4, 21B, and 22 B, which in totality show that Ballestero had been previously convicted of two driving under the influence offenses. Showing that Ballestero had been previously convicted of two driving under the influence offenses was necessary to prove Ballestero committed felony murder as charged in Count 1 and committed DWI-third or more as charged in Count 4. *See Ex parte Benson*, 459 S.W.3d 67, 75 (Tex. Crim. App. 2015) (explaining that two prior convictions for DWI "are jurisdictional elements of the offense of felony DWI that must be proved to obtain a conviction for felony DWI"); *Lomax v. State*, 233 S.W.3d 302, 311 (Tex. Crim. App. 2007) (stating that felony DWI may be the underlying felony in a "felony-murder" prosecution and that felony DWI requires proof of two prior DWI convictions). Thus, the State's need for the evidence was great.[2] *See Alami v. State*, 333 S.W.3d 881, 889-91 (Tex. App.—Fort Worth 2011, no pet.) (emphasizing that because the defendant had not stipulated to prior DWI convictions, the prosecution had to show at the guilt-innocence phase that the defendant had two prior convictions for DWI, which was an element of felony DWI, and thus the probative value of exhibits relating to the defendant's prior convictions "was, consequently, very high").

---

[2]We note that Ballestero complains that "actual judgments and transcripts" from California could have been introduced in evidence by the State, which would have "obviate[d] the need for Exhibits 1 and 3." According to Ballestero, the State's need for Exhibits 1 and 3 was therefore not great. However, as noted previously, no "best evidence" rule exists in Texas that would require a prior conviction be proven with specific documents. *Flowers*, 220 S.W.3d at 921.

Ballestero also argues the "variety of legal documents" contained in State's Exhibit 1 and 3 were confusing to the laypersons making up the jury. However, the jury received a limiting instruction regarding the exhibits in question:

> With respect to the evidence admitted in this case concerning the Defendant's having been convicted twice of an offense related to the operating of a motor vehicle while intoxicated, you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the Defendant was intoxicated while driving or operating a motor vehicle in a public place on or about the 8th day of March, 2022.

We presume the jury followed this limiting instruction. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (explaining that courts "generally presume that a jury will follow the [court]'s instructions" and that a court's instruction to the jury is "generally considered sufficient to cure improprieties that occur during trial").

Finally, with regard to the last factor, the record reflects that the State needed only approximately twenty-three pages of the fingerprint examiner's testimony before the jury to develop State's Exhibits 1 and 3. We thus find no abuse of discretion by the trial court in concluding that the probative value of State's Exhibits 1 and 3 was not *substantially outweighed* "by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." *Reese*, 340 S.W.3d at 840; *see also Alami*, 333 S.W.3d at 891 (holding in felony murder appeal, with felony DWI as the underlying felony offense, that the trial court could have reasonably concluded that the probative value of exhibits relating to the defendant's prior DWI convictions was not substantially outweighed by the danger of unfair prejudice).

**PRESUMPTION OF INNOCENCE**

Ballestero argues that the trial court erred in admitting the misdemeanor complaint from California included in State's Exhibit 3 because doing so violated his presumption of innocence

under the Due Process Clause and violated his state statutory rights to the presumption of innocence. In its brief, the State contends that Ballestero waived this issue by failing, in the trial court, to object on the basis of the presumption of innocence. *See* TEX. R. APP. P. 33.1(a); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (appellate complaint must comport with objection made at trial or is waived). In response, Ballestero argues that he was not required to object, broadly asserting that any action by the trial court that vitiates the presumption of innocence is non-forfeitable error under *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). *See Proenza v. State*, 541 S.W.3d 786, 792, 802 (Tex. Crim. App. 2017); *Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000) (plurality op.). We will assume without deciding that Ballestero can bring his appellate complaint for the first time on appeal.

Under the Due Process Clause of the Fourteenth Amendment, an accused in state court has the right to a fair trial, which includes the "presumption of innocence," i.e., the right to be free from criminal conviction unless the State can prove his guilt beyond a reasonable doubt by probative evidence adduced at trial. *See Estelle v. Williams*, 425 U.S. 501, 503 (1976); *Miles v. State*, 204 S.W.3d 822, 825 (Tex. Crim. App. 2006). The Texas Legislature has codified the presumption of innocence. *See* TEX. PENAL CODE 2.01 ("All persons are presumed to be innocent and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial."); TEX. CODE CRIM. PROC. art. 38.03 (same). "The presumption of innocence does not carry with it the connotation that a defendant is in fact innocent." *Loge v. State*, 550 S.W.3d 366, 378 (Tex. App.—Houston [14th Dist.] 2018, no pet.) (citation omitted). "Rather, the presumption of innocence is merely an expression regarding the State's evidentiary burden and not a suggestion or intimation of the

defendant's actual innocence." *Id*. (citation omitted). "The presumption serves as a reminder to the jury of the State's burden to prove its case and as an admonishment to consider nothing but the evidence adduced at trial in passing on the defendant's guilt." *Id*. at 378-79.

In support of his argument that the admission of the misdemeanor complaint contained in State's Exhibit 3 violated the presumption of innocence, Ballestero cites *Taylor v. Kentucky*, 436 U.S. 478, 480-81 (1978), which he claims stands for the proposition that a charging instrument cannot be used as evidence of guilt because doing so violates the presumption of innocence. However, the holding of *Taylor* is not as broad as Ballestero claims. In *Taylor*, the prosecutor during *voir dire* "questioned the panel about their understanding of the presumption of innocence, the burden of proof beyond a reasonable doubt, and the fact that an indictment [was] not evidence." *Id*. at 480. "The prosecutor then read the indictment to the jury." *Id*. Later, the defense counsel requested that the trial court instruct the jury that "[t]he law presumes a defendant to be innocent of a crime," and that "the indictment, previously read to the jury, was not evidence to be considered against the defendant." *Id*. at 480-81. The trial court refused to give the instruction and did not convey the substance of such an instruction in the jury charge. *Id*. at 481. The Supreme Court framed the issue before it as the following: "We are asked to decide whether the Due Process Clause of the Fourteenth Amendment requires that either or both instructions be given *upon timely defense motions*." *Id*. at 479 (emphasis added).

The Court noted that "one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial." *Id*. at 485. "And it long has been recognized that an instruction on the presumption of innocence is one way of impressing upon the jury the importance of that right." *Id*. The Court explained that

- 11 -

"[t]he 'purging' effect of an instruction on the presumption of innocence . . . simply represents one means of protecting the accused's constitutional right to be judged solely on the basis of proof adduced at trial." *Id*. at 486. The Court held that "*on the facts of this case* the trial court's refusal to give petitioner's requested instruction on the presumption of innocence resulted in a violation of his right to a fair trial as guaranteed by the Due Process Clause of the Fourteenth Amendment." *Id*. at 490 (emphasis added).

Here, the facts are distinguishable from those presented in *Taylor* as Ballestero made no request for the trial court to give any limiting instruction to the jury with regard to the misdemeanor complaint contained in State's Exhibit 3. The misdemeanor complaint contained in State's Exhibit 3 was relevant because it linked Ballestero to the admission Ballestero made in State' Exhibit 1 as having been previously convicted in California of driving under the influence on March 7, 2014. Thus, the misdemeanor complaint in State's Exhibit 3 linked Ballestero to the other documents, which as a whole, showed that Ballestero had been previously convicted of a DWI offense in California. Under *Taylor*, Ballestero would have been entitled to a limiting instruction with regard to the misdemeanor complaint at the time State's Exhibit 3 was admitted, but he did not request one.[3] We thus conclude that *Taylor* does not apply to the facts presented here and that Ballestero has not shown that his presumption of innocence was violated.

## CONCLUSION

Because we hold (1) the evidence is sufficient to support Ballestero's conviction, (2) the trial court did not abuse its discretion under Rule 403 in admitting State's Exhibits 1 and 3, and

---

[3]As previously noted, the jury was given a more broad limiting instruction that "[w]ith respect to the evidence admitted in this case concerning the Defendant's having been convicted twice of an offense related to the operating of a motor vehicle while intoxicated, you are instructed that such evidence cannot be considered by you as in any manner proving or tending to prove that the Defendant was intoxicated while driving or operating a motor vehicle in a public place on or about the 8th day of March, 2022."

(3) Ballestero failed to show his presumption of innocence was violated, we affirm the judgment of the trial court.

Adrian A. Spears II, Justice

DO NOT PUBLISH